AO 241    (Rev. 5/85)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District Eastern Distric. |
|---|---|
| Name Willis Davis | Prisoner No. K70724 | Case No. 2:22-cv-02011-JMc |
| Place of Confinement Correctional Training Facility | |

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

Willis Davis                    v.    L. Martinez

The Attorney General of the State of:

**FILED**

FEB 17 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

### PETITION

1. Name and location of court which entered the judgment of conviction under attack   San Joaquin Superior Court

2. Date of judgment of conviction   9-27-97

3. Length of sentence   Unknown

4. Nature of offense involved (all counts)   187(A)

_____

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☒

(2)

9.  If you did appeal, answer the following:

(a) Name of court ____ N/A ____

(b) Result ____ N/A ____

(c) Date of result and citation, if known ____ N/A ____

(d) Grounds raised ____ N/A ____
____ N/A ____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court ____ N/A ____

(2) Result ____ N/A ____
____ N/A ____

(3) Date of result and citation, if known ____ N/A ____

(4) Grounds raised ____ N/A ____
____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court ____ N/A ____

(2) Result ____ N/A ____
____

(3) Date of result and citation, if known ____ N/A ____

(4) Grounds raised ____ N/A ____
____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court ____ Northern District Court ____

(2) Nature of proceeding ____ Medical (A, D, A) ____

(3) Grounds raised ____ 8th And 5th Amendment ____
____

AO 241   (Rev. 5/85)

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes  ☐   No  ☑

(5)  Result _____UNKNOWN_____

(6)  Date of result _____UNKNOWN_____

(b)  As to any second petition, application or motion give the same information:

(1)  Name of court _____N/A_____

(2)  Name of proceeding _____N/A_____

(3)  Grounds raised _____N/A_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?
Yes  ☐   No  ☑

(5)  Result _____N/A_____

(6)  Date of result _____N/A_____

(c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1)  First petition, etc.     Yes  ☑     No  ☐

(2)  Second petition, etc.     Yes  ☑     No  ☐

(d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.  State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _Eight Amendment_

Supporting FACTS (state *briefly* without citing cases or law): _See Attached_

B. Ground two: _Fourth-teen Amendment_

Supporting FACTS (state *briefly* without citing cases or law): _See Attached_

(5)

AO 241    (Rev. 5/85)

C.  Ground three: _Fifth Amendment_

Supporting FACTS (state *briefly* without citing cases or law): _See Attached_

D.  Ground four: _Sixth Amendment_

Supporting FACTS (state *briefly* without citing cases or law): _See Attached_

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
     Yes  ☒    No  ☐

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
     (a)  At preliminary hearing _John George Panerio_

     (b)  At arraignment and plea _John George Panerio_

(6)

Willis Davis # K70724
P.O. Box 689/FW107
Soledad, Calif 93960

Petitioner,
Willis Davis                          Case No:

            v.

Respondant,
L. Martinez                      v

            To the honorable judge of The
California Supreme Court.

        Petitioner took a plea with co-defendant in
1997, not fully aware of the plea and scope of
the terms. At the time of preliminary; information
wasn't disclose to judge about petitioner mental
history of sucide, depression, and learning disability,
but petitioner do not have a probation report,
Evidence code 801, 352(b) to which should have
been disclosed Penal Code § 1054.9
Because if so, the ground of malice nor Natural
Probable Consequence (N.P.C) couldn't even be used,
Factual Information.

On the night of March 5, 1997, two individuals enter the house of Tamika Fox and asked "who's from the East." Victim J jumped off of the couch and wrestle suspect with the gun (witness statement). This information should have been presented. Even information concerning trauma from petitioner childhood §732 which would of extended to petitioner recieving a §780 Hearing, due to his mental, sucidial history. Petitioner pleaded guilty to Second Degree Murder but never pleaded guilty to being the actual shooter. Petitioner only pleaded to the murder in hope of recieving less time People v. Garrison, 73 Cal. App. 5th 735 Petitioner crime is nomore than a Manslaughter according to testimony by victim(s)/witnesses People v. Lasko, 23 Cal. 4th 101, but even according to Investigation. Attorney General approach while most voluntary manslaughter cases involve intent to kill, it is possible that a defendant who killed un-intentionally, but recklessly with extreme disregard for human life may have acted in the heat of passion with adequate provocation [Citations]. In such a case, the defendant would be guilty of voluntary manslaughter, not murder." (U.S. v. Paul (9th Cir. 1994) 37 F.3d 496, 499, fn. 1, see also U.S. v. Browner (5th Cir. 1989) 889 F.2d

549, 553[ "voluntary manslaughter .... require proof" of mental state that would constitute malice, but for the fact that killing was committed in adequately provoked heat of passion of provocation." I.)

Even if petitioner had intent to kill, who was his primary victim?

Petitioner never pleaded guilty to being the primary shooter (see exhibit A) The People (District Attorney) is only alledging that the petitioner is the shooter because of extensive juvenile record, but also because the murder weapon as well as other contraband was found at petitioner house People v. Medrano 47 Cal. App. 5th 1001, People v. Johnston, 113 Cal. App. 4th 1299. If all substantial information would have been presented before being bound over to be tried as a adult petitioner wouldn't been found suitable, do to expert witnesses People v. Anthoney 32 Cal. App. 5th 1102 § 288.1, I, re Jimmy P., 50 Cal. App. 4th 1679, Penal Code § 1001.36, subi.(a)(b)(3) and (c)(1). Petitioner do not have a probation report (see exhibit ) Kevin. P. v. Superior Court, 57 Cal. App. 5th 173; California Rules of Court 5.770. Juvenile nor adult court didn't do a due dillegence. About petitioner social history under the Welfare and Institution Code, § 707, subd (a)(1) Even now after gathering new information, after

RECIEVING A Franklin Hearing, New Evidence in favor of petitioner Mental Health (see exhibit B), which provide information detailing petitioner gather critical information. Petitioner was a juvenile at the time of the committed offensive.

Juvenile Courts didn't do a candid job of looking at the social history of the petitioner when he was a juvenile, which expert witnesses should have been provided could of express the mental health of the petitioner and could have helped the prosecution get insight into the history ("Mindset") of the petitioner § 730 Appointment of Expert to Investigate Report and Testify Compensation (In re Chavez (2004) 114 Cal. App. 4th 989, 1000 [8 Cal. Rptr. 3d 395; People v. Martinez (2018) Cal. 5th 647, 655 [230 Cal. Rptr. 3d 673, 413 P.3d 1125]) The juvenile court should of retain jurisdiction Penal Code § 300 Jackson v. Hartley 2008 U.S. Dist. LEXIS; People v. Ramirez 35 Cal. App. 5th. When petitioner and co-defendant took their joint plea, it was under a agreement that we both will recieve a date "guaranteed release", its why we both took the joint plea, but counsel even advice petitioner will serve twenty-one to twenty-two years (§ 2403(c) of California Rules and Regulation "c.d.c.r tit. 15)

And life parole. Counsel failed to advice the petitioner the full scope of what he will be giving up as far as the sentencing scheme. Petitioner pleaded guilty to Second Degree Murder, Penal Code 187(a), section 188 and 189, but never admitted to being the shooter. Petitioner crime is a Manslaughter §192. His intent wasn't ment to kill and did not expect victim to jump off of the couch, grab and wrestle over the gun.

Petitioner can fully state his intent wasn't to kill, but scare a individual People v. Johnston, 113 Cal. App. 4th 1299, California Penals 1181(6) Relying on the police report as well as victim statement to verify facts, not theory, according to the presumption that the Distric Attorney is using. Codefendant was charged with the killing of Joselyn Williams (the same person) as the petitioner as if petitioner used the gun, then codefendant "which only one person can be the actual shooter, which the Courts nor the Distric Attorney didn't prove within "reasonable doudt."

Without showing intent nor forethought "Second Degree Murder" cannot be applied, because of forethought, premeditations was never proven, and one weapon was used, but didn't prove whether the

petitioner or co-defendant used the actual
murder weapon?
Who used the weapon?
who is the actual shooter?
Distric Attorney did not show good cause.
On March 5, 1997, Victim statement is true. And
should be respected; accepted as actually true.
Petitioner was never identified in a line up, nor
was D.N.A, nor Fingerprints to show that
petitioner was actually there that night.

Facts:
    Codefendant was identified by the victim(s) by
name. Petitioner involvement was more after the
fact, abetting, by keeping evidence (Gun, Mask, and
Bandana) At his house. These are the Elements the
Distric Attorney is using.
The Distric Attorney cannot show or prove that
the petitioner played a "major participant," in the
actual crime, just circumstantial based on hypothetical
theory of "petitioner is the shooter."
All Elements is link to the petitioner by way of
co-defendant. Even if petitioner is guilty of the
crime it doesn't rise to the crime of murder, but
Manslaughter see People v. Lasko, 23 Cal.4th 101,
but Also, "the people" didn't consider the

disabilities that are attached to the petitioner.
People v. Smith, 70 Cal. App. 5th 298; People v.
McGehee (2016) 246 Cal. App. 4th 1190, 1208:201
Cal. Rptr. 714] (McGhee).

Cognitive Factors:
       Petitioner has a history of Sucide, Depression,
Learning Disability, and Physical Disability.
These three things should have been consider
before being bound over as a adult, that's why
a fitness hearing should of happen as well as a
§730 Hearing. While petitioner was a juvenile All
adequate iformation should have been consider
2021 Cal. App. LEXIS 899: Negron v. Superior
Court: People v. Martell 47 Cal. App. 5th 255;
People v. Ramirez 35 Cal. App. 5th.
Petitioner, don't even have a probation report
for the judge to consider his or her
discretion, which, if it was produce, it will favor
the petitioner, based on social history Alone.
But the petitioner learning disability would of came
into question if the petitioner is cognitive to stand
trial as an adult:
it's why San Joaquin Sherriff department never
release the I.Q. examination to the petitioner
council because I did meet the criteria, but

District Attorney NEVER use it, nor brought up the
Intelligence Quotient at juvenile proceedings.
IF, all information was presented, petitioner
would/will not be consider suitable to be tried as
A(n) adult. Petitioner took a plea, du to council
advising me that I will only serve twenty-one
to twenty-two years "Maxium," And be on a life
of parole ... but was advise that he will getout.
IF I the petitioner would have known the full
scope of the sentence I wouldn't have taken the
plea. Taking a plea doesn't prove a defendant is
ineligible for resentence. The court has discretion.
I the petitioner have NO Probation Report, And
with that, the judge could have impose.
Petitioner NEVER signed Any documentation to
this plea People v. Coulter 163 Cal. App. 1117
Once council, petitioner, And District Attorney came
to a agreement to the plea it should have been
produce for petitioner And co-defendant to
sign term of agreement.



Dated: 7-4-22

                                    Signature
                                    Willis Davis 2

Conclusion

The petitioner was diagnose prior to arrest as Sucidal, Incompentent, Depression which under Penal Code §1054.9 should have been submitted to the juvenile courts to conduct a §730 Hearing to determine if the petitioner is fit(suitable)to be tried as an adult People v. Gerson, 80 cal.app. 5th 106 (see U.S. v. Nguyen (9th Cir. 2001) 262 F.3d 998, 1003, 1005; Shell v. Witek (9th Cir. 2000) 218 F.3d 1077, which is a "deliberate indifference" to the petitione Rodriguez v. Rickets, 798 F.2d 1250 (9th Cir.) see Exhibit ); but also a due process violation by "NOT" taking in all mitigating factors.

Council, should have produce all mitigating factors within the juvenile court to determine if the petitioner is eligible to be trail as an adult, but failed to produce substantial facts that the petitioner was born as a crack baby as well as a Acholic due to mother use of both substance during her whole pregnancy with the outcome being the petitioner have physical disability(ies) such as scoliosis and both arms do not fully extend outward; also including Learning Disability among other things (Sucide, Depression, Stress) which he suffer from (see: Deutsher v. Whitley, 884 F.2d 1152) which council clearly faild to do among advicing

1   petitioner "once charged" I (the petitioner) have a
2   Right to a speedy trial [within the juvenile
3   court]. Which is how Ineffective petitioner
4   council was.

5

6   Petitioner is now serving a cruel and unusual
7   punishment which the California Supreme SEE
8   IN RE Palmer, S252145.
9   Which now the California Supreme Court
10  decided May 7, 2021 (S256149)

11

12

13  Dated: F

14

15                          Signature
16                          Willis Davis Jr
17                          Willis Davis

18

19

20

21

22

23

24

25

26

27

28

---

In re WILLIS DAVIS on Habeas Corpus.

---

The petition for writ of habeas corpus is denied without prejudice to any relief to which petitioner might be entitled after this court decides *In re Palmer,* S252145.

**Supreme Court of California**
Clerk of the Court
350 McAllister Street
San Francisco, CA 94102-4797

13 - 13 - 18



S257462
Willis Davis K-70724
California State Prison, Solano
P.O. Box 4000
Vacaville, CA 95696

5-130

95696$4000 B900

CANTIL-SAKAUYE

*Chief Justice*

Willis Davis
        Petitioner

                        Case No:

        V.

                        Objection to California
        L. Martinez        Supreme Court
        Respondent


        Prayer for Relief on Habeas Corpus,
Application sufficient reason having been shown
that Petitioner continous incarceration is harm by
Respondents restrain it is hereby;

        Prayer For Relief under Habeas Corpus on
Febuary 14, 2023

        Order that pending the proceedings on Petitioner's
Application for an Order to Show Cause

        (1) Why shouldn't the petitioner be granted
the benefit from California Supreme Court
decision on In re Palmer 5252145 on
Excessive Punishment


                        (Page 1.1)

(2) To, issue a evaluation of petitioner compentency NOW, but also re-evaluate child-hood traumas, under the Institution & Welfare Act of California the Juvenile Deliquency Act of the Federal Government

(3) That the Respondent show cause why petitioner shouldn't be granted council under New Law S.B-775 (renumber §1172.6)

(4) That petitioner be release and do not serve one more day longer

Dated:

Willis Davis
Willis Davis

AO 241    (Rev. 5/85)

(c)  At trial  _John George Pancrio_

(d)  At sentencing  _John George Pancrio_

(e)  On appeal  _Heather Shallenberger_

(f)  In any post-conviction proceeding  _Heather Shallenberger_

(g)  On appeal from any adverse ruling in a post-conviction proceeding  _Yes_

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐    No ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒
(a)  If so, give name and location of court which imposed sentence to be served in the future:  _____

(b)  Give date and length of the above sentence:  _Unknown_

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_Feb. 14, 2023_
Date

_Wm Orr_
Signature of Petitioner

(7)

# GENERAL POWER OF ATTORNEY

**Notice to Person Creating This Document:**

**This document authorizes your-attorney-in-fact to make important financial decisions for you. You may revoke this power of attorney if you later wish to do so.**

## 1. Attorney-in-Fact and Alternate.

I, _____ of the City of Soledad, County of Monterey, State of California, appoint _____ as my attorneys-in-fact to act for me in any lawful way with respect to the powers delegated in this power of attorney document. If that person (or all of those people, if more than one is named) does not serve or ceases to serve as my attorney-in-fact, I have no other appointment to serve as my attorney-in-fact.

## 2. More Than One Attorney-in-Fact.

Also designated _____

## 3. Duration.

This power of attorney shall become effective on _____, and shall continue in full force and effect until revoked by the principal.

Notwithstanding any revocation by the principal or termination date specified in this document, ~~this power of attorney shall immediately terminate if the principal named in this document~~ becomes incapacitated or dies.

## 4. Authority of Attorney-in-Fact.

I hereby grant to my attorney-in-fact, subject to any limitations set out in Clause A-1, below, authority to act for and represent me in all of my financial and business affairs. My attorney-in-fact's authority includes but is not limited to, the following:

**A. Banking and Other Financial Transaction.**

Do any act the principal can do through an agent in connection with my banking transactions that might affect the financial or other interests of the principal. The attorney-in-fact's powers include, but are not limited to the power to:

(1) Continue, modify and terminate any deposit account or other banking arrangement, or open either in the name of the principal alone or in the name of both the principal and the attorney-in-fact jointly, a deposit account of any type in any financial institution, rent a safe deposit box or vault space, to have access to a safe deposit box or vault to which the principal would have access, and make other contracts with the institution.

(2) Make, sign and deliver checks or drafts, and withdraw by check, money order or otherwise, funds or property of the principal from any financial institution.

(3) Prepare financial statements concerning the assets and liabilities or income and expenses of the principal and deliver them to any financial institution, and receive statements, notices or other documents from any financial institution.

**B. Business Matters.**

Do any act that the principal can do through an agent in connection with any business operated by the principal that the attorney-in-fact's power include, but are not limited to, the power to:

(4) Execute, acknowledge, seal and deliver any instrument of any kind that the attorney-in-fact thinks useful to accomplish any purpose listed in this section.

**C. Special Instructions.**

## PROOF OF SERVICE
## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Willis Davis_, declare:

I am over 18 years of age and a party to this action. I am domiciled in Central Training Facility,

a California State Prison, in the county of _Monterey_. The address at this facility

is P.O. Box 689, Soledad, California [93960].

On _July 4, 2012_, I served the attached:

_Habeas Corpus with Exhibit_

On the parties herein by placing true and correct copies thereof, enclosed in an unsealed

envelope, with the postage thereon fully paid, in the United States Postal Mail Box so provided

at the above-named correctional institution in which I am presently domiciled. The envelope

was addressed as follows:

_Calif. Supreme Court_

_350 McAllister Street_

_San Francisco, Calif. 94102_

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this _4_ day of _July_, _2022_.    Signature: _Willis Davis_

**Prison Mailbox Rule**

Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing [Houston v. Lack (1998) 487 U.S. 266, 274; Hulzar v. Carey(9th Cir. 2001) 273 F.3d 1220, 1222.] The mailbox rule

Willis Davis  K10724
C.T.F - Soledad
P.O. Box 689/FW107
Soledad, Calif 93960

Legal Mail



U.S. POSTAGE <span>PITNEY BOWES</span>

ZIP 93960
02 4W
0000339712 JUL 05 2022

$ 003.16°

Legal   Mail

Supreme Court of California
350 McAllister Street
San Francisco, Calif.
94102



Name: Will Davis

Address: P.O. Box 669/FWI01

Stockton Calif 93960 0669

CDC or ID Number: K70124

SUPREME COURT

**FILED**

JUL 7 2022

Jorge Navarrete Clerk

_____

Deputy

Supreme Court of California

_____
*(Court)*

| | |
|---|---|
| Willis Davis<br>Petitioner<br><br>vs.<br><br>Respondent, San Joaquin - Stockton | PETITION FOR WRIT OF HABEAS CORPUS<br><br>No. **S275405**<br><br>*(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

---

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

**RECEIVED**

JUL - 7 2022

CLERK SUPREME COURT

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

HC-001

This petition concerns:

☒ A conviction                    ☐ Parole

☒ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: Willis Davis

2. Where are you incarcerated? Correctional Training Facility

3. Why are you in custody? ☒ Criminal conviction   ☐ Civil commitment

*Answer items a through I to the best of your ability.*

a. State reason for civil commitment or, If criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon"). Second Degree Murder

_____

_____

_____

b. Penal or other code sections: 187(A)

c. Name and location of sentencing or committing court: Superior Court of San Joaquin

_____

d. Case number: SP0618 73(A)

e. Date convicted or committed: 9 - 25 - 97

f. Date sentenced: 10 - 6 - 97

g. Length of sentence: 15 to Life.

h. When do you expect to be released? Unknown

i. Were you represented by counsel in the trial court? ☒ Yes   ☐ No   *If yes, state the attorney's name and address:*
John Panizzio

_____

_____

4. What was the LAST plea you entered? *(Check one):*

☐ Not guilty   ☒ Guilty   ☐ Nolo contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury   ☒ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

HC-001 (Rev. January 1, 2019)          PETITION FOR WRIT OF HABEAS CORPUS          Page 2 of 6

HC-001

6.  GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

See Attach

a.  Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

See Attach

b.  Supporting documents:
Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

See Attach Exhibits

c.  Supporting cases, rules, or other authority *(optional)*:
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

See Attach

HC-001

7. Ground 2 or Ground _____ (If applicable):

a. Supporting facts:

b. Supporting documents:

c. Supporting cases, rules, or other authority:

HC-001

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes ☐ No   If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):

_____

b. Result: _____   c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal? ☐ Yes ☐ No   If yes, state the attorney's name and address, if known:

_____

_____

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No   If yes, give the following information:

a. Result: _____   b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):

_____

_____

_____

11. Administrative review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☐ Yes ☐ No

*Attach documents that show you have exhausted your administrative remedies. (See People v. Duvall (1995) 9 Cal.4th 464, 474.)*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767–769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)

☐ Yes   If yes, continue with number 13.   ☐ No   If no, skip to number 15.

HC-001

13  a.  (1)  Name of court: _____

(2)  Nature of proceeding (for example, "habeas corpus petition"): _____

(3)  Issues raised:  (a) _____

(b) _____

(4)  Result (attach order or explain why unavailable): _____

(5)  Date of decision: _____

b.  (1)  Name of court: _____

(2)  Nature of proceeding: _____

(3)  Issues raised:  (a) _____

(b) _____

(4)  Result *(attach order or explain why unavailable)*: _____

(5)  Date of decision: _____

c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.) New Information And Senate Bill - 775

16. Are you presently represented by counsel?  ☐ Yes  ☒ No    If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes  ☐ No    If yes, explain:
San Joaquin Superior Court - Stockton
Third Appellate District

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 7 - 4 - 22                    ▶  *Willix Davis*
                                          (SIGNATURE OF PETITIONER)

PETITION FOR WRIT OF HABEAS CORPUS

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]          [ Clear this form ]

EXHIBIT A

R 20724

DOB: 6/7 Case 2:18-cv-02284 ABSTRACT OF JUDGMENT - PRISON COMMITMENT Page 19 of 57

**ABSTRACT OF JUDGMENT — PRISON COMMITMENT**
**INDETERMINATE SENTENCE**

CR FORM CR 292

- ☒ SUPERIOR
- ☐ MUNICIPAL
- ☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF _____ SAN JOAQUIN

97-12417

COURT (I.D.)
39400

BRANCH OR JUDICIAL DISTRICT: _____

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: DAVIS, Willie
AKA:

☒ PRESENT
☐ NOT PRESENT

SP061873A
- A
- B
- C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

- D
- E

| DATE OF HEARING (MO) (DAY) (YR) 10/6/97 | DEPT. NO. 9 | JUDGE K PETER SAIERS | CLERK ROSEMARY KLIPFEL |
| REPORTER HERMAN SPALINGER | COUNSEL FOR PEOPLE TOM TESTA | COUNSEL FOR DEFENDANT JOHN PANERIO | PROBATION NO. OR PROBATION OFFICER WAIVED |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | | CONCURRENT | CONSECUTIVE | 654 STAY |
| | | | | | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | | | |
| 1 | PC | 187** | Murder, 2nd deg | 97 | 9 | 29 | 97 | | | X | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § (2022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| COUNT | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
| | | | | | | | | | | |
| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
| | | | | | | | | | | |

4. Defendant was sentenced to State Prison for an indeterminate term:
   - A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
   - B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____
   - C. ☒ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ___ 1
   - D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts _____
   - E. ☐ For other term prescribed by law on counts _____ (Specify term on separate sheet if necessary.)

   PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served ☐ consecutive to ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

   CTS GRANTED PURSUANT TO PC 2933.1
   Deft. to pay rest. fine of $3,000.00 - CDC TO COLLECT.

   (Use an additional page if necessary.)

7. ☐ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:
   - A. ☒ AT INITIAL SENTENCING HEARING
   - B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
   - C. ☐ AFTER REVOCATION OF PROBATION
   - D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
   - E. ☐ OTHER _____

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 10/6/97

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS 117 | | ACTUAL LOCAL TIME 102 | LOCAL CONDUCT CREDITS 15 | STATE INSTITUTIONS ☐ CDHR | ☐ CDC |
| | | INCLUDING | | | | |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
    - ☒ FORTHWITH
    - ☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

    INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
    - ☐ CALIF. INSTITUTION FOR WOMEN—FRONTERA
    - ☐ VACAVILLE
    - ☐ OTHER (SPECIFY)
    - ☐ CCWF—CHOWCHILLA
    - ☐ SAN QUENTIN
    - ☐ CALIF. INSTITUTIONS FOR MEN—CHINO
    - ☐ R.J. DONAVAN
    - ☒ DEUEL VOC. INST.

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE
_____

October 8, 1997

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the Judicial Council of California
Effective January 1, 1993

ABSTRACT OF JUDGMENT — PRISON COMMITMENT - INDETERMINATE

POOR ORIGINAL

Pen. C § 1213.5

POOR ORIGINAL

J2411H1     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN     10/08/97
SAN JOAQUIN CJIS                                                    15:45
ORGANIZATION: SC

CASE NO. SP061873 A      DATE: 10/06/97      TIME: 09:00 AM      DEPT.: 9

PEOPLE VS. DAVIS, WILLIS                      (DOB: 06/27/79)

JUDGE:    K PETER SAIERS, JUDGE      CLERK:   ROSEMARY KLIPFEL
REPORTER: HERMAN SPALINGER          BAILIFF: M URRUTIA

NATURE OF PROCEEDINGS:  P & J.

--------------------------------------------------------------------------
CHARGES: 1. PC 187<2ND
--------------------------------------------------------------------------
DEPUTY DISTRICT ATTORNEY: TOM TESTA.

ATTORNEY: JOHN PANERIO.

PEOPLE REPRESENTED AS ABOVE AND DEFENDANT IS PRESENT
      WITH COUNSEL.

DEFENDANT WAIVES FORMAL ARRAIGNMENT.

DEFENDANT STATES THERE IS NO LEGAL CAUSE WHY JUDGMENT
      SHOULD NOT BE PRONOUNCED.

PROBATION IS DENIED.

AS TO COUNT 1 DEFENDANT SENTENCED TO 15 YEARS TO LIFE.

DEFENDANT SENTENCED TO A TOTAL OF 15 YEARS TO LIFE.

CREDIT FOR TIME SERVED: LOCAL 102 PLUS 15 (GOOD
      TIME/WORK CREDIT) PLUS 0 CRC/CDC PLUS 0 (GOOD
      TIME/WORK/CREDIT) - TOTAL 117 DAYS.

CTS GRANTED PURSUANT TO PC 2933.1.

DEFENDANT TO PAY RESTITUTION FINE OF $3,000.00 PURSUANT
      TO PC 1202.4 COLLECTED BY CDC.

PROBATION DEPARTMENT NOTIFIED TO PREPARE REPORT PURSUANT
      TO 1203C PC.

SHERIFF TO DELIVER DEFENDANT INTO CUSTODY OF THE
      DIRECTOR OF CALIFORNIA DEPARTMENT OF CORRECTIONS,
      RECEPTION GUIDANCE CENTER AT DVI.

ENTERED ON CJIS BY ALP DATE 10/08/1997.



MINUTE ORDER   M6                                    PAGE    1

CR-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME:
FIRM NAME: John G. Panelic Attorney At Law
STREET ADDRESS: 120 N. Hunter Street
CITY: Stockton                          STATE: Calif    ZIP CODE: 95202
TELEPHONE NO.: (209)-601-9177           FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name): ~~James Panelic~~ Willis Davis

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

**PEOPLE OF THE STATE OF CALIFORNIA**
vs.
Defendant:
Date of birth: 6/27/79
Cal. Dept. of Corrections and Rehabilitation No. (if any): K70724

| NOTICE OF APPEAL—FELONY (DEFENDANT)<br>(Pen. Code, §§ 1237, 1237.5, 1538.5(m); Cal. Rules of Court, rule 8.304) | CASE NUMBER: |
|---|---|

## NOTICE

- You must file this form in the SUPERIOR COURT WITHIN 60 DAYS after the court rendered the judgment or made the order you are appealing.
- **IMPORTANT:** If your appeal challenges the validity of a guilty plea, a no-contest plea, or an admission of a probation violation, you must also complete the Request for Certificate of Probable Cause on page 2 of this form. (Pen. Code, § 1237.5.)

1. Defendant appeals from a judgment rendered or an order made by the superior court.
   NAME of defendant: Willis Davis
   DATE of the order or judgment:

2. **Complete either item a. or item b. Do not complete both.**

   a. *If this appeal is after entry of a plea of guilty or no contest or an admission of a probation violation, check all that apply:*

   (1) ☐ This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)

   (2) ☐ This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

   (3) ☒ This appeal challenges the validity of the plea or admission. *(You must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature.)*

   (4) ☐ Other basis for this appeal *(you must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature) (specify):*

   b. *For all other appeals, check one:*

   (1) ☐ This appeal is after a jury or court trial. (Pen. Code, § 1237(a).)

   (2) ☐ This appeal is after a contested violation of probation. (Pen. Code, § 1237(b).)

   (3) ☒ Other *(specify):*

3. ☒ Defendant requests that the court appoint an attorney for this appeal. Defendant ☒ was ☐ was not represented by an appointed attorney in the superior court.

4. Defendant's mailing address is: ☐ same as in attorney box above.
   ☒ as follows: P.O. Box 689/FW107
                   Soledad, Calif 93960-0689

Date:

3/22/22                                          ► Willis Davis ~~Jr~~

_____                          _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF DEFENDANT OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2017]          **NOTICE OF APPEAL—FELONY (DEFENDANT)**
                                        **(Criminal)**          Penal Code, §§ 1237, 1538.5(m);
                                                                Cal. Rules of Court, rule 8.304
                                                                www.courts.ca.gov

EXHIBIT B

## Superior Court of California, County of San Joaquin

### MINUTE ORDER

Date: 03/02/2020 01:30 PM                     Case Number: STK-CR-CNV-1997-0017439

People of the State of California vs. Willis Davis
06/27/1979
Event Type: Miscellaneous Hearing              Department: 7A

Appearances: Presiding Judicial Officer: Seth R. Hoyt Jr., Judge. Prosecution appears by Prosecution Attorney, Haley C
Molt Office of the District Attorney. Attorney John George Panerio appears with Defendant, Willis Davis. . Also attending:
Jennell Schneider Court Reporter; Imendez Court Clerk.

Franklin Hearing held.

Defendant in custody, not at the county jail.

Debra Callins, Cushado Cox, Phillip Callins, Belinda Daniel Buckley, Delbon Robinson addressed the court.

Defense counsel submitted a package to the court to be sent to the Board of Prison Term and California
Department of Correctional Rehabilitation (CDCR).

Defendant to remain in custody serving sentence at CDC.



**INSTRUCTIONS:** ENTER DATE OF CONTACT, WORKER NUMBER, WHO CONTACTED AND SUMMARY OF CONTACT ACTIVITY. INITIALS OF WORKER REQUIRED FOR EACH CONTACT.

| LEGEND FOR TYPE OF CONTACT |
|---|
| HC – HOME CALL |
| TC – TELEPHONE CALL |
| OC – OFFICE CALL |
| CC – COLLATERAL CONTACT |
| M – MAIL |

**CASE NAME**
Hubbard, Debbie

**SERIAL NUMBER**
39-30-194613-1

| DATE WKR. NO. | CONTACT | WITH WHOM | CONTACT SUMMARY |
|---|---|---|---|
| -24-84 | H/C | Mother | Mother & Willie Jr. |
| | | | - living room, kitchen & bathroom - clean |
| | | | - Mother/minor bedroom - clothes on floor as no dresser to organize clothing - not dirty |
| | | | - Willie had runny nose - but we clean & healthy |
| | | | - Did not see Mary - Mary was with friends who plans to take Mary to Dr West today for a 3:15 appointment (4-24-84 at 3:15) |
| | | | - Mother very upset was guessing who was R/P |
| | | | - agreed to have Mary see by PHN |
| | | | Set appointment for 4/25/84 at 11 AM. H/C |
| | | | - Says Mary does have sore on foot of her mouth - unknown origin |
| | | | - Either mother/PHN will call me re to it. |
| -24-84 | P/C | - PHN | to Pat Payton (PittLit) |
| | | | - Gave info to |
| | | | - L.M. for Bev Kerbow to call me back with medical info. |

State of California - Health and Welfare Agency
Case 2:22-cv-02011-DAD-DMC     Document 11     Filed 02/17/23     Page 39 of 122
Department of Social Services

# EMERGENCY ASSISTANCE APPLICATION/ELIGIBILITY DETERMINATION

## A.

| NAME OF CHILD(REN) | FAMILY NAME | CASE NUMBER |
|---|---|---|
| DAVIS MINORS | HUBBARD/DAVIS | 841 / 194659-1 |

| STREET ADDRESS | APARTMENT NUMBER | CASE NAME |
|---|---|---|
| 3749 TURNPIKE RD | | |

| CITY | COUNTY | ZIP CODE | PHONE NUMBER |
|---|---|---|---|
| Stkn | SJC | | Mesa# 982-5411 |

Application is being made for Emergency Assistance funding for services:

*Kenneth Eq*          Signature of Caretaker Relative, Legal Guardian or Social Worker          Date: 4-27-84

## B. To be completed by social worker for all potential Emergency Assistance cases:

**YES [X]  NO [ ]**  Is the child being or in immediate danger of being abused, neglected, or exploited?
*(Response must be YES and details provided in the case record for EA funding of services.)*

**YES [X]  NO [ ]**  Is the child living with a relative or has lived with a relative within six months of application for services?
*(Response must be YES for EA funding of services.)*

**YES [ ]  NO [X]**  Is the child's or child's family's need for assistance a result of refusal without good cause by the child/relative to accept employment or training for employment?
*(Response must be NO for EA funding of services.)*

**YES [ ]  NO [X]**  Has the child/family received EA funding of sevices within the last 12 months?
*(Response must be NO for EA funding of services.)*

*Kenneth Eq*          Signature of Social Worker          4-27-84

## C. To be completed for all potential Emergency Assistance-Family Services cases:

Is the child/family receiving AFDC?  **YES [X]  NO [ ]**   AFDC Case Number: 30-194659-1
*(Response must be YES for EA funding of Family Services.)*

If YES, how was status verified?  **[ ] Medi—Cal Card   [X] CWD Records**

**YES [X]  NO [ ]**  Is child/family EA-FS eligible?          *Kenneth Eq*          Signature of Social Worker          4-27-84

## D. To be completed for all potential Emergency Assistance-Emergency Shelter Care cases:

Is the child receiving AFDC?   **[ ] YES  [ ] NO**   AFDC Case Number: _____

If YES, how was status verified?   **[ ] Medi—Cal Card  [ ] CWD Records**

If NO, Social Worker shall refer to Eligibility Worker for determination of eligibility.

**YES [ ]  UNK [ ]**  Is child EA-ESC eligible?          Signature of Social Worker          Date

Does the child meet the AFDC property and income eligibility criteria?   **[ ] YES   [ ] NO**
*(Response must be YES for EA funding of Emergency Shelter Care services.)*

**YES [ ]  NO [ ]**  Is child EA-ESC eligible?          Signature of Eligibility Worker          Date

## E. To be completed for all potential Emergency Assistance-Foster Care cases:

Is the child eligible for AFDC-FC?   **[ ] YES   [ ] NO**
*(Response must be YES for EA funding of Foster Care services.)*

**YES [ ]  NO [ ]**  Is child EA-FC eligible?          Signature of Eligibility Worker          Date

## F.

First day of EA eligibility: 4-27-84          Last day of EA eligibility: 5-27-84

SOC 349 (5/83)

# RECORD OF REFERRAL - CPS

State Number: 30-194659

| | | | Ref. Code | Priority | Ethnic | Language | SW | EW |
|---|---|---|---|---|---|---|---|---|
| ☐ 2 hr. | ☑ Logged | ☑ Prior Referral | | | 3 | 7 | 476 | 311 |

| WITH: | Mother's Name | AKA(s) | | DOB |
|---|---|---|---|---|
| ☑ | Debbie Hubber | Hubbard | | |

| Address | City | 06 | Telephone |
|---|---|---|---|
| 3452 S Mourfield | Stocktn | | |

Other Data

| | Father's Name | AKA(s) | | DOB |
|---|---|---|---|---|
| ☐ | | | | |

| Address | City | Telephone |
|---|---|---|
| | | |

Other Data

☑ Paromate - Cliff Perkins

| | Caretaker Name | Address | Telephone | DOB |
|---|---|---|---|---|
| ☐ | | | | |

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| Mary Davis | F | 6 | 7-8-83 | | | |
| Willie Davis (JR) | M | 7 | 5-26-82 | | | |
| Anthony Hubber | M | 1 | 1-13-88 | | | |
| | | | | | | |
| | | | | | | |

Presenting Problem (Summary): Children & mother residing w/ a man who allegedly has a history of child molest. (see companion case Lavonna McLaughlin)

Referral Taken by: C Johnson    Date: 11/1/89  Time:

Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):

Assessed by:                    Date:

---

☑ Closing Summary  ☐ Service Plan

Mary & Willie deny molest or problems w/ Clifford Perkins or others
"? ~ 7?"

---

| ☐ Info. Only | ☑ Open/Close | ☐ Open case to dist. | Worker: C Johnson | Date: 11/9/89 |
|---|---|---|---|---|
| | | ☐ Counseling ___ ☐ Court ___ | Supervisor | Date |

SERVICES CHRONOLOGICAL CASE RECORDING

Case Name: _____

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 11/ /<br>17/ | | | Interviewed Mary Davis & Willie Davis Outreach privately in an office at Tyler School. Both children said they live w/ their mother & baby brother and with their "daddy" Cliff & his children Angelo & Cliffsha. Mary described Cliffsha as a "brat" who never gets in trouble. She said "Daddy", Cliffsha & Angelo sleep in one room, while she, her brothers & mother sleep in another room. Mary able to identify her vaginal area & "butt" as private places. She denied that anyone has touched her there. Said she would tell her mother. |
| | --- | | |
| | | | Willie (likes to be called J.R.) was very quiet & gave minimal answers to my questions. He also denied any incidents such as being touched in a private |

SERVICES CHRONOLOGICAL CASE RECORDING                        SVC No: 39-

| Date;&A Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | place. Said they have been living w/ Cliff about 3 weeks. Also confirmed sleeping arrangements. |
| | | | Children do not appear to be molested or abused by Clifford Perkins. |
| | | | Sent card home w/ Mary to give to her mother. |
| 11/7/81 | T/C | | from Cliff. Said Mary brought my card home. Explained to him that as I told him, I was interviewing other kids in the home - none of them indicating a problem. |
| 11/9/81 | | | Staffed w/ M. Seaman. OK to close w/out face-to-face contact w/ mother as attempt was made on 11/31/80 & was unfounded. Will send note to mother. |
| | | | |
| | | | |

CWS 9 (5/85)       LEGEND: HC - Home Call;   TC - Telephone Call;   OC - Office Call;
                        CC - Collateral Call;   M - Mail

San Joaquin County
Human Services Agency
133 East Weber Avenue
P.O. Box 201056
Stockton, CA 95201-3006

TO: _Debbie Hubber_  From: _C. Johnson_  Worker No. _482_

_3452 S Maufield_  Phone: _468-1209_

_Stockton CA_  Case No.: _____

old

MESSAGE  Date: _11-8-89_ 19 ___ **Folo**

Wanted to make sure that you
are aware I spoke w/ your children
Mary & Willie regarding an unfounded
referral. Please call if you have
any questions.

Signed: _C. Johnson, CPS_

**REPLY**  Date: _____ 19

Signed: _____

SJ 53 (12/86)

1(2)

∽ 00 SPD ?

San Joaquin County — Human Services Agency

(12)

# RECORD OF REFERRAL - CPS

State Number: 30-194659

| ☐ 2 hr. | ☒ Logged | ☑ Prior Referral | Ref. Code 4 | Priority L | Ethnic 3 | Language 7 | SW 476 | FW 311 |

WITH: Mother's Name

☒ **Mother's Name** Debbie Hubbard   AKA(s) Hubber   DOB

**Address** 1635 S Hunter   City STOCKTON 06   Telephone

**Other Data** Ther in home Samuel Daves

☐ **Father's Name**   AKA(s)   DOB

**Address**   City   Telephone

**Other Data**

☐ **Caretaker Name**   Address   Telephone   DOB

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| Willie Davis | M | 6 | 5-26-82 | | | |
| Mary Davis | F | 5 | 7-8-83 | | | |
| Anthony Hubber | M | 1 | 1-13-88 | | | |
| | | | | | | |
| | | | | | | |

**Presenting Problem (Summary):** Mother using cocaine in front of minors in a filthy home. Police came a week ago for same problem. SPD Responding

Referral Taken by: Syd Thorpen   Date: 1-22-89   Time: 7:15

**Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):**

Assessed by:   Date:

☑ Closing Summary  ☐ Service Plan

SPD f/u 1/24/89, found home clean, w/adequate food & no evidence of drugs. Advised CPS further f/u unnecessary.

Info only.

DM 2/13/89

☑ Info. Only  ☐ Open/Close  ☐ Open case to dist.
☐ Counseling ____  ☐ Court ____

Worker: Alreda 476   Date 1/30/89
Supervisor   Date

1-31

# CKTON POLICE DEPARTMENT
## SIGNIFICANT INCIDENT REPORT

| 1. ATTENTION: | | 2. PAGE 1 OF 2 | 3. DR # 90-33050 |
|---|---|---|---|

**4. INVOLVEMENT CODES:** [VIC] VICTIM  [REP] REPORTING PARTY  [SUS] SUSPECT  [WIT] WITNESS  [SUB] SUBJECT  [MSP] MISSING PERSON  [PAR] PARENT  [INT] INTERPRETOR

| 5. CLASSIFICATION | 6. MO. | 7. DAY | 8. YR. | 9. TIME | 10. LOCATION OF OCCURRENCE |
|---|---|---|---|---|---|
| 273 PC CHILD ABUSE | 07 | 29 | 90 | 0300 | 1135 N MADISON #2 |

| 11. INV | 12. NAME (LAST, FIRST, MIDDLE) | 13. SEX | 14. RACE | 15. DATE OF BIRTH | 16. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| REP | WILLIAM THOMAS | M | W | 07-12-55 | |

| 17. SOCIAL SECURITY NO. | 18. RESIDENCE ADDRESS, ZIP CODE | 19. RESIDENCE PHONE |
|---|---|---|
| - - | 39 N. VANFARINN POK 394 PT | NO PHONE |

| 20. ALIAS | 21. BUSINESS/SCHOOL ADDRESS | 22. BUSINESS PHONE |
|---|---|---|
| | UNEMP | |

| 23. INV | 24. NAME (LAST, FIRST, MIDDLE) | 25. SEX | 26. RACE | 27. DATE OF BIRTH | 28. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| SUS | DEBBIE HUBBER | F | W | 02-24-62 | |

| 29. SOCIAL SECURITY NO. | 30. RESIDENCE ADDRESS, ZIP CODE | 31. RESIDENCE PHONE |
|---|---|---|
| - - | 1135 N MADISON #2 | NO PHONE |

| 32. ALIAS | 33. BUSINESS/SCHOOL ADDRESS | 34. BUSINESS PHONE |
|---|---|---|
| | UNEMP | |

| 35. INV | 36. NAME (LAST, FIRST, MIDDLE) | 37. SEX | 38. RACE | 39. DATE OF BIRTH | 40. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| VIC1 | WILLY DAVIS JR | M | B | 05-26-82 | |

| 41. SOCIAL SECURITY NO. | 42. RESIDENCE ADDRESS, ZIP CODE | 43. RESIDENCE PHONE |
|---|---|---|
| - - | 1135 N MADISON #2 | NONE |

| 44. ALIAS | 45. BUSINESS/SCHOOL ADDRESS | 46. BUSINESS PHONE |
|---|---|---|
| | UNEMP | |

| 47. INV | 48. NAME (LAST, FIRST, MIDDLE) | 49. SEX | 50. RACE | 51. DATE OF BIRTH | 52. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| VIC2 | MARY DAVIS | F | B | 07-08-83 | |

| 53. SOCIAL SECURITY NO. | 54. RESIDENCE ADDRESS, ZIP CODE | 55. RESIDENCE PHONE |
|---|---|---|
| - - | 1135 N MADISON #2 | NONE |

| 56. ALIAS | 57. BUSINESS/SCHOOL ADDRESS | 58. BUSINESS PHONE |
|---|---|---|
| | UNEMP | |

**ROUTING**
- [ ] CR. ANLY
- [ ] D.A.
- [ ] INVEST.
- [ ] JUV.
- [ ] MISD. FOL-UP.
- [ ] NARC/VICE
- [ ] POUND
- [ ] TRAFFIC
- [ ] W.C.
- [X] OTHER
- CPS

**59. NARRATIVE**

WE WERE DISPATCHED TO 39 N CA, IN REF TO A CHILD ABUSE REPORT, AT APPROX 0400 HRS. AT APPROX 0405 HRS WE ARRIVED, AND CONTACTED MR THOMAS. HE TOLD US HIS FRIEND SONYA SOUTHERLAND (FURTHER INFO UNK) MOVED OUT OF HIS SISTER'S (DEBBIE'S) HOME TODAY WITH HIS HELP. WHILE MOVING, SONYA TOLD WILLIAM THAT DEBBIE WAS WHIPPING WILLY AND MARY WITH AN ELECTRICAL CORD. WILLIAM TOLD US HE HAD SEEN MARY WHIP THE CHILDREN IN THIS MANNER ABOUT A MONTH AGO. THUS, OUT OF CONCERN FOR THE KIDS, HE CALLED THE POLICE. HE FURTHER TOLD US THERE WAS NO FOOD IN THE HOUSE, AND THE

**0. VEHICLE INVOLVEMENT**  [ ] SUS  [ ] VICTIM  [ ] WITNESS  [ ] OTHER _____

| 61. YEAR | 62. MAKE | 63. MODEL | 64. BODY STYLE | 65. COLOR/COLOR | 66. LICENSE NO. | 67. STATE | 68. YR. EXPIRES |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 69. ADD. VEH. IDENTIFIERS (DAMAGE, CHROME) | 70. VIN. NO. |
|---|---|
| | |

| 71. DATE/TIME OF REPORT | 72. PROPERTY CARD NO. | 73. REPORTING OFFICER | 74. EMPLOYEE NO. | 75. APPROVED BY |
|---|---|---|---|---|
| | | ROCHA  1 BERG | 6533 10486 | |

USE WAS DIRTY.

AT APPROX 0415 HRS WE WENT TO DEBBIE'S HOUSE, AND CONTACTED HER. SHE INVITED US IN. WE EXAMINED BOTH CHILDREN, AND FOUND NO MARKS. THE HOUSE WAS KEPT, BUT THERE WAS FOOD FOR THE KIDS. DEBBIE TOLD US SHE HAD BEEN HAVING PROBLEMS WITH SONYA'S MOTHER, AND FEELS SONYA'S MOTHER IS TRYING GET HER IN TROUBLE. DEBBIE FURTHER STATED THE ICE HAD BEEN CALLED ABOUT HER KIDS BEFORE, AND THEY DIDN'T FIND ANY PROBLEMS.

WE TALKED TO THE KIDS, AND THEY SEEMED HAPPY AND HEALTHY.

| 1. ATTENTION: | | | | | | | 2. PAGE 1 OF 2 | 3. DR # 90-33544 |
|---|---|---|---|---|---|---|---|---|
| JUVENILE | | | | | | | | |

| 4. INVOLVEMENT CODES: | | | | | | | |
|---|---|---|---|---|---|---|---|
| [VIC] VICTIM | [REP] REPORTING PARTY | [SUS] SUSPECT | [WIT] WITNESS | [SUB] SUBJECT | [MSP] MISSING PERSON | [PAR] PARENT | [INT] INTERPRETER |

| 5. CLASSIFICATION | 6. MO. | 7. DAY | 8. YR. | 9. TIME | 10. LOCATION OF OCCURANCE |
|---|---|---|---|---|---|
| 273 | 07 | 31 | 90 | 2330 | 1135 N. MADISON ST #2 |

| 11. INV | 12. NAME (LAST, FIRST, MIDDLE) | 13. SEX | 14. RACE | 15. DATE OF BIRTH | 16. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| SUS | DEBBIE HUBBER | F | W | 072462 | |

| 17. SOCIAL SECURITY NO. | 18. RESIDENCE ADDRESS, ZIP CODE | 19. RESIDENCE PHONE MESS |
|---|---|---|
| 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 | 1135 N. MADISON ST #2 | 982-5411 |

| 20. ALIAS | 21. BUSINESS/SCHOOL ADDRESS | 22. BUSINESS PHONE |
|---|---|---|
| | UNEMPLOYED | |

| 23. INV | 24. NAME (LAST, FIRST, MIDDLE) | 25. SEX | 26. RACE | 27. DATE OF BIRTH | 28. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| VIC | MARY DAVIS | F | B | 070883 | |

| 29. SOCIAL SECURITY NO. | 30. RESIDENCE ADDRESS, ZIP CODE | 31. RESIDENCE PHONE |
|---|---|---|
| - - | 1135 N. MADISON ST. #2 | |

| 32. ALIAS | 33. BUSINESS/SCHOOL ADDRESS | 34. BUSINESS PHONE |
|---|---|---|
| | | |

| 35. INV | 36. NAME (LAST, FIRST, MIDDLE) | 37. SEX | 38. RACE | 39. DATE OF BIRTH | 40. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| | | | | | |

| 41. SOCIAL SECURITY NO. | 42. RESIDENCE ADDRESS, ZIP CODE | 43. RESIDENCE PHONE |
|---|---|---|
| - - | | |

| 44. ALIAS | 45. BUSINESS/SCHOOL ADDRESS | 46. BUSINESS PHONE |
|---|---|---|
| | | |

| 47. INV | 48. NAME (LAST, FIRST, MIDDLE) | 49. SEX | 50. RACE | 51. DATE OF BIRTH | 52. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| | | | | | |

| 53. SOCIAL SECURITY NO. | 54. RESIDENCE ADDRESS, ZIP CODE | 55. RESIDENCE PHONE |
|---|---|---|
| - - | | |

| 56. ALIAS | 57. BUSINESS/SCHOOL ADDRESS | 58. BUSINESS PHONE |
|---|---|---|
| | | |

**ROUTING**

- [ ] CR. ANLY
- [ ] D.A.
- [ ] INVEST.
- [X] JUV.
- [ ] MISD. FOL-UP.
- [ ] NARCOVICE
- [ ] POUND
- [ ] TRAFFIC
- [ ] W.C.
- [ ] OTHER

**59. NARRATIVE**

ON 073190 AT APPROXIMATELY 2320 HOURS WE (OFFICERS COON & BUZO) WERE DISPATCHED TO 1135 N. MADISON ST #2 ON A REPORT OF (S) HUBBER SLAPPING HER DAUGHTER (V) DAVIS EXTREMELY HARD ON THE FACE. A MR. STHOMAS HUBBER'S BROTHER REPORTED THIS INCIDENT BUT DID NOT WANT TO BE CONTACTED.

ON ARRIVAL WE EXAMINED (V) DAVIS. SHE WAS SLEEPING WHEN WE ARRIVED. THERE WERE NO VISIBLE INJURIES, BRUISES,

| 60. VEHICLE INVOLVEMENT | | | | |
|---|---|---|---|---|
| [ ] SUS | [ ] VICTIM | [ ] WITNESS | [ ] OTHER | |

| 61. YEAR | 62. MAKE | 63. MODEL | 64. BODY STYLE | 65. COLOR/COLOR | 66. LICENSE NO. | 67. STATE | 68. YR. EXPIRES |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 69. ADD. VEH. IDENTIFIERS (DAMAGE, CHROME) | 70. VIN. NO. |
|---|---|
| | |

| 71. DATE/TIME OF REPORT | 72. PROPERTY CARD NO. | 73. REPORTING OFFICER | 74. EMPLOYEE NO. | 75. APPROVED BY |
|---|---|---|---|---|
| 073190/2330 | | COON / BUZO | 14661 936 | |

PD 1445

OR OTHER MARKS TO HER BODY. I ASKED
(V) DAVIS IN-PRIVATE IF HER MOTHER HAS
HIT HER TODAY, AND SHE REPLIED NO. I ASKED
(V) DAVIS IF SHE WAS HURTING ANYWHERE, AND
SHE REPLIED NO.

    FROM OUR OBSERVATION IT APPEARED
THAT (V) DAVIS HAD NOT BEEN ABUSED THIS
EVENING.

STOCKTON POLICE DEPT.
DOCUMENT RELEASED
TO: C.P.S. BY: S.P.D.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| OFFICE OF THE PUBLIC DEFENDER (209) 468-4253 535 W. Mathews Road French Camp, California 95231 | | |

ATTORNEY FOR (Name): WILLIS DAVIS

SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN JOAQUIN

STREET ADDRESS: 535 W. Mathews Road

MAILING ADDRESS: 535 W. Mathews Road

CITY AND ZIP CODE: French Camp, CA 95231

BRANCH NAME:

| CHILD'S NAME: WILLIS DAVIS | HEARING DATE AND TIME: |
|---|---|

| PETITION FOR DISCLOSURE OF JUVENILE COURT RECORDS Welfare and Institutions Code, § 827 | CASE NUMBER: J00259 |
|---|---|

1. Petitioner's name and address *(if representing another person, organization, or agency, provide names and addresses)*:

   WILLIS DAVIS
   c/o Public Defender's Office

2. Petitioner's relationship to child:

3. Petitioner on information and belief alleges the following:
   a. There are juvenile court records concerning the above named child.
   b. ☒ The child has been found to be within the jurisdiction of the juvenile court under:
      ☐ Welfare and Institutions Code section 300
      ☐ Welfare and Institutions Code section 601
      ☐ Welfare and Institutions Code section 602
      ☐ Unknown
   c. ☒ The child is currently a ☐ dependent ☐ ward of the juvenile court. ☐ Unknown
   d. ☐ The case was closed on *(date)*: ☐ Unknown

4. Petitioner requests access to the following juvenile court records as defined by rule 1423 of the California Rules of Court: *(Describe in detail. Attach additional pages if necessary.)*

   The minor currently has a 707(b) petition pending. The information contained in his dependency file would help in the preparation of his case.

   ☐ Additional pages attached.

5. The reasons for this request are:
   *(Describe in detail. Attach additional pages if necessary.)*
   ☐ Civil court case pending (no:  )
   ☐ Criminal court case pending (no:  )
   ☐ Relevant case nos. *(if known)*:
   ☒ Juvenile court case no.: J00259      ☐ P.D. rpt. no.:      ☐ Other:

   ☐ Additional pages attached.

(Continued on reverse)

| Form Adopted by the Judicial Council of California JV-570 [New July 1, 1992] | PETITION FOR DISCLOSURE OF JUVENILE COURT RECORDS Welfare and Institutions Code, § 827 | Calif. Rules of Court, rules 1402, 1423 Welfare and Institutions Code, §§ 827 and 828 |
|---|---|---|

6. [ ]  A copy of this petition has been placed in a sealed envelope with postage paid and the envelope has been deposited in the United States mail to the following:

    a. [ ]  County counsel *(address)*:
        Date mailed:

    b. [ ]  District attorney *(address)*:
        Date mailed:

    c. [ ]  Child *(address)*:
        Date mailed:

    d. [ ]  Attorney of record for child who is a current dependent or ward *(name and address)*:

        Date mailed:

    e. [ ]  Child's parent or guardian, if child is under 18 years of age or if a dependency petition was ever filed regarding the child *(name and address)*:

        Date mailed:

    f. [ ]  Probation department *(address)*:

        Date mailed:

    g. [ ]  Child welfare services program *(address)*:

        Date mailed:

7. [ ]  Petitioner was unable to provide notice of this petition and hearing on the following because the identity of the party or the address or both were unknown to petitioner, and the clerk should serve a copy of the petition and notice of hearing by first-class mail.

    a. [ ]  Child.
    b. [ ]  Child's attorney of record.
    c. [ ]  Parent or guardian.

8. [X]  The child has consented to the requested disclosure and the child's written consent or release is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date:  June 18, 1997

ROSE CARDOSO
.............................................
        (TYPE OR PRINT NAME)

Address and telephone number:
        535 W.Mathews Road
        French Camp, CA  95231
        (209) 468-4255

[ ]  Number of pages attached:

_(SIGNATURE OF PETITIONER)_
DEPUTY PUBLIC DEFENDER

[ ]  PETITION GRANTED        [ ]  PETITION DENIED
[ ]  ADDITIONAL ORDERS:

[ ]  Set Hearing on Petition. Clerk to notice under rule *(no.)*:

Date:  6/19/97

_____
JUDICIAL OFFICER



# LAW OFFICES
## SAN JOAQUIN COUNTY PUBLIC DEFENDER

24 SOUTH HUNTER STREET, ROOM 201, 95202-3275
POST OFFICE BOX 8659
STOCKTON, CALIFORNIA 95208-0659

TELEPHONE
(209) 468-2730

DR.     J00259
NO.     _____

**GERALD L. GLEESON**
PUBLIC DEFENDER

OUR NO: _____

### RELEASE

I hereby authorize and request

## HUMAN SERVICES AND/OR COUNTY COUNSEL

to disclose and give copies to my attorney, <u>ROSE CARDOSO</u>     his/her Investigator,
_____, any and all records and information concerning the undersigned
which you may have in your possession, including but not limited to the following:

1. Hospital records of physicians, nursing staff, and technicians, including
   medical diagnosis, prognosis, and/or treatment, interviews, history and
   alcohol/drug treatment reports.

   This authorization for use or disclosure of the results of a blood test to
   detect antibodies to the HTLV-III virus is being requested of you to comply
   with the terms of the Confidentiality of Medical Information Act, Civil Code
   Section 56 et seq. and Health and Safety Code Section 199.21(g).

2. Rap sheets, police reports, any and all investigation reports regarding any
   civil or criminal action involving the undersigned.

3. Personal information, including financial or commercial records, business, or
   interviews.

4. Psychiatric/Psychological records including counseling, medication and evaluations.

5. Social Welfare records.

6. School records including counseling, attendance, discipline, and progress reports.

7. Program participation i.e. quarterly reviews, staffing reports, special incident
   reports, discharge summary, etc.

   I further understand that I have a right to receive a copy of this authorization
   upon my request.

   Copy requested and received _____Yes          _____Initial

   This authorization shall become effective immediately and remain in effect for a
   period of one year unless a date of termination of authorization
   here:_____.

   I further authorize and consent to; use of copying of this release to obtain the
   above records and to disclosure and copying of any of the above records for my
   defense and/or sentencing.

In consideration of such disclosure on the part of the above named persons and/or
institutions, I hereby release them from any and all liability arising therefrom.

DATED:  <u>June 13, 1997</u>   SIGNED: _Willis Davis_ DOB: <u>6/27/79</u>

SOC.SEC.NO.: _____   WITNESS: _Rose M. Cardoso_

PD 89A

# RECORD OF REFERRAL – CPS

#7

**State Number** 30- 191659

| ☐ 2 hr. ☒ Logged ☒ Prior Referral | Ref. Code H | Priority L | Ethnic W | Language English | SW I 474 | EW 311 |

**WITH:** ☒

| Mother's Name | AKA(s) | DOB |
|---|---|---|
| Hubber Debbie | | |

Address: 1135 N. Madison #2   City: Stn 02   Telephone: 466-8170

Other Data

☐

| Father's Name | AKA(s) 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 | DOB 8-26-59 |
|---|---|---|
| Willie Davis | | |

Address   City   Telephone

Other Data

☐

| Caretaker Name | Address | Telephone | DOB |
|---|---|---|---|

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| Willie Davis | M | 8 | 5-26-82 | | | |
| Mary Davis | F | 6 | 7-8-83 | | | |
| Anthony Huffer | M | 1½ | 1-13-88 | | | |
| | | | | | | |
| | | | | | | |

**Presenting Problem (Summary):** House filthy - dirt & old food on floor, piles of clothing, dirty dishes. No food. Mother using cocaine & pot and having sex in front of minors.

Referral Taken by: Kerstein 475   Date: 7-2-90   Time:

**Assessment** (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):

Food supply marginal but adequate. Home as described by R/p but not a health or safety hazard. Mother denied using drug or having sex in front of the children. Willie, Mary & Anthony appeared neat, clean & healthy.

Assessed by: Ew 471   Date: 7/6/90

☐ Closing Summary   ☐ Service Plan F/u H/c to assure home cleaned & has adequate food supply.

H/c 7/6/90 - home as described by R/p but not enough for removal of the children.
F/u H/c on 7/10/90 - home cleaned-up and have marginal but adequate food supply.

Mother denied drug usage and having sex in front of the children.

| ☐ Info. Only ☒ Open/Close ☐ Open case to dist. | Worker Ew 471 | Date 7-10-90 |
|---|---|---|
| ☐ Counseling___ ☐ Court ___ | Supervisor | Date |
| ☐ Copy to District Attorney | | |

SS 12 (4/85)

**SERVICES CHRONOLOGICAL CASE RECORDING**

Case Name:

SVC No: 39- 30 - 194659-1

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 7/6/90 | HC | | Con't from back of SJ-12 |
| | | | - Marginal but adequate food supply |
| | | | i.E., frozen meats, canned food, dried pkg foods, |
| | | | bread, cereal,, etc. |
| | | | - Home is cluttered w/ dirty/clean clothing, |
| | | | dirty dishes in the kitchen sink & counter, |
| | | | kitchen floor dirty & general disrepair etc. |
| | | | - Determined that: not enough to contact SPD |
| | | | for removal |
| | | | - Set Tuesday 7/10/90 at 9:30-10 am for |
| | | | F/u appointmt to make sure allegation |
| | | | clear |
| | | | - Children were neat, clean, healthy alert |
| | | | |
| 7/10/90 | HC | | by Court Worker Ernie Schmidt who is mother's |
| | | | roommates CPS worker (Sonia Southern) |
| | | | See attached SJ-18 (12-70) dated 7/10/90 |
| | | | written by Ernie Schmidt. SJ-18 indicates |
| | | | residence to be fairly clean & food supply marginal |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CWS 9 (5/85)      LEGEND: HC - Home Call;    TC - Telephone Call;    OC - Office Call;

CC - Collateral Call;    M - Mail

San Joaquin County          Human Services Agency

## INTER-OFFICE MEMO

To: Ken Egi          Date: 9/10

From: E. Schmidt          Ext:

Re: Debbie Hubbard

Made HV this date to assess ___
residence. Noted 1 bedroom residence
to be fairly clean though there are
carpet stained. Beds were w/out
sheets, which no. Stated she needs
to wash. Noted _____ to be
clean adequately dressed ___ ___
w/in aunt or ___ child in LA
Noted food supply to be marginal
milk, meat, some canned goods
No states she will receive FS in
14th
Noted suitcases + clothing present for
friend that was staying w/her. Debbie
claims lady + her children now
living elsewhere. Cautioned Debbie
concerning allowing others to stay
w/ her. She wants you to call

SJ 18 (12/70)

San Joaquin County                                                    Human Services Agency

# RECORD OF REFERRAL - CPS

State Number
30-194659

| ☐ 2 hr. | ☑ Logged | ☑ Prior Referral | Ref. Code | Priority | Ethnic | Language | SW I 476 | EW 311 |

**WITH:**

| ☐ | Mother's Name **Debbie Hubber** | AKA(s) | | DOB |
| | Address **3452 Mourfield** | City 06 | Telephone |
| | Other Data **1135 Madison** | | |

| ☐ | Father's Name **Willie Davis** | AKA(s) | | DOB 8-26-59 |
| | Address | City | Telephone |
| | Other Data | | |

| ☑ | Caretaker Name **Vera Davis** | Address **3458 E Lafayette** 05 | Telephone 943-2963 | DOB |

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| 02 Mary Davis | F | 6 | 7-8-83 | | Elmwood | -3 |
| 01 Willie Davis Jr | M | 7 | 5-26-82 | | | |
| 03 Anthony Hubber | M | | 1-13-88 | | | |

**Presenting Problem (Summary):** R/P was told that Mary recently molested by mothers brother. Mary now living w/ a paternal aunt.

Referral Taken by: C Johnson #482 Date: 11-29-89 Time:

**Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):**

Numerous priors for neglect - not substantiated. Mother on SSI - has a conservator. Chronic unstable living situation - however not sufficient for CPS action.

Assessed by: C Johnson   Date: 2-12-90 nd

| ☐ Closing Summary | ☑ Service Plan |

Mary barely acknowledges molest by paternal uncle 2 yrs ago. His whereabouts unkn. Mother states she took daughter to SJGH at time - no record. Mary w/ pat aunt who remains planning to take her back. Agrees to protect.

| ☐ Info. Only | ☑ Open/Close | ☐ Open case to dist. | Worker C Johnson 482 Date 2-12-90 |
| | ☐ Counseling | ☐ Court | Supervisor RW 2-27-90 Date |

Copy to S/O 2/26/90
SS 12 (6/85)    ☑ Copy to District Attorney

San Joaquin County

Human Services Agency

## RECORD OF REFERRAL - CPS

| | | | | State Number | | | |
|---|---|---|---|---|---|---|---|

| ☐ 2 hr. ☐ Logged ☐ Prior Referral | Ref. Code | Priority | Ethnic | Language | SW | EW |
|---|---|---|---|---|---|---|

**WITH:**

| ☐ | Mother's Name *Debbie Hubbert* | AKA(s) | | DOB |
|---|---|---|---|---|
| | Address | | City *Stockton* | Telephone |
| | Other Data | | | |

| ☐ | Father's Name *Willie Mathis Davis* | AKA(s) | | DOB |
|---|---|---|---|---|
| | Address | | City | Telephone |
| | Other Data | | | |

| ☑ | Caretaker Name *Vera Davis* aunt | Address *3438 E. Lafayette Stockton* | Telephone *943-2963* | DOB |
|---|---|---|---|---|

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| *Mary Equilla* | F | 6 | 7-8-83 | | *Elmwood* | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Presenting Problem (Summary):** *RP worried that Mary may have been molested again. Observed Mary to have a rash between her legs + a swollen vaginal area about 3 weeks ago. (a prior molest - RP not certain reported).*

Referral Taken by: *N. Seaman* Date: *12-7-89* Time:

**Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):**

Assessed by: Date:

☐ Closing Summary ☐ Service Plan

*duplicate referral*

| ☐ Info. Only ☐ Open/Close ☐ Open case to dist. | Worker | Date |
|---|---|---|
| ☐ Counseling____ ☐ Court____ | Supervisor | Date |

SS 12 (4/85)

☐ Copy to District Attorney

San Joaquin County                                                              Human Services Ag

SERVICES CHRONOLOGICAL CASE RECORDING          (9)     | Case Name: Hubber, Debbie
                                                       | SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | w/ the 13 yr old boy at Vera's house - she apparently has 3 teenage boys. Asked Mary if she'd rather live at grandmas or at Veras. Mary replied that she'd rather live at her grandmas' house. When asked why, responded that her cousins "hit on me". Asked her if she has told Vera about this. Said no, because the boys threatened to beat her up if she told. Asked her - if you had a room to yourself at Vera's would you like staying there? "No." |
| | | | Told Debbie that I didn't think her place big enough to have the 3 kids, especially since Debbie mentioned her sister might be staying w/ her temporarily. Debbie said she realized that, but wanted Mary to be at |

San Joaquin County                                                                    Human Services Agen

SERVICES CHRONOLOGICAL CASE RECORDING          ⑩          Case Name: Hubber, Debbie

                                                                   SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | her grandmas said that Mary told her that Vera told Mary her mother (Debbie) & J.R. are "dumb". Suggested to Debbie that she should talk to Vera about that because it may not be what she said. Debbie had told me on the phone that Mary told her I told Mary she could never go back to her mothers. I reminded Debbie of this and that I had said no such thing to Mary. |
| | | | Told her in essence she could chose to put Mary at her "mothers" - however Vera had really helped her out in a pinch & its best not to burn her bridges. Also expressed my concern about Mary's relocating being brought u again. Debbie denied that she would be back at Tylers |

Human Services Ag..

SERVICES CHRONOLOGICAL CASE RECORDING

Case Name: Hubber, Debbie

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | Told Debbie that I would call Vera & advise her of Mary's statements about being "hit on" & about concerns related to sleeping arrangements. Debbie said she would call me tomorrow morning to find out what Vera said. |
| 9/13/90 | TC | | Vera. Began by telling Vera about Mary's statements about being hit by boys. Vera responded that she _____ has not been made aware of this; however Mary has had a few incidents of lying at school. Said she had been trying to help but if they were going to take that attitude Vera didn't need it. She has measles, headaches. Mary could go to Debbie's or her grandmothers. Will close case. |

San Joaquin County                              (12)                        Human Services Agency

SERVICES CHRONOLOGICAL CASE RECORDING

Case Name:

SVC No: 39—

| Date:Fal Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 2/12/90 | TC | | Sgt. Spears. Couldn't find record of 288 w/ Mary Davis, as (V) Too many William Thomas's on file to check. |
| | | | |
| 2/13/90 | | | Addendum to interview of Debbie Hubber on 2/12/90. She told me her daughter told her immediately about Debbie's brother William Thomas touching her vaginal area. She took her to E.R. - SJGH. Said a sheriff was there - who said it wouldn't be pursued because no medical evidence. Debbie thought the sheriff talked to her brother also - he was at E.R. too. She was really angry at him. Said she doesn't allow him around Mary unless she is there. Advised her she has to be in room w/ Mary at all times if brother there - & shouldn't allow him over at all if Mary uncomfortable. Told me she only sees him at family |

CWS 9 (5/85)                    LEGEND: HC - Home Call:   TC - Telephone Call:   OC - Office Call:

San Joaquin County                                                    Human Services Agency

SERVICES CHRONOLOGICAL CASE RECORDING

(13)

Case Name: Nubber, Debbie

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | gatherings like funerals & he is in "San Diego now" anyway. Said touching incident occured at 3824 Turnpike, Stockton. Doesn't think Mary bothered by incident or in need of counseling". |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

San Joaquin County                                                                Human Services Agen

**SERVICES CHRONOLOGICAL CASE RECORDING**

Case Name: Debbie Hubbard

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 11-24-87 | TC | | TC from Alta Brown of Elmwood |
| 1:35 pm | | | School - (944-4232) and informed that |
| | | | Mary Davis' aunt Vera Davis brought |
| | | | Mary to Elmwood to enroll her. |
| | | | Vera Davis informed Alta Brown that |
| | | | Mary was molested by mother's |
| | | | brother as recently as last week. |
| | | | Mary now lives with Vera ---- at |
| | | | 3458 E Lafayette, 943-2963. |
| | | | J. ___ csw |
| | | | # 485-8 |

CWS 9 (5/85)          LEGEND: HC - Home Call;    TC - Telephone Call;    OC - Office Call;

San Joaquin County

SERVICES CHRONOLOGICAL CASE RECORDING

Human Services Agency

Case Name: *Hubber, Debbie*

SVC No: 39–

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 12/7/? 11? | SV | | Interviewed Mary privately at Elmwood School. Mary again shy & very quiet. Reminded her that I had talked w/ her before when she was living w/ her mommy & Cliff. Asked Mary who she is living w/ now. Told me she is living at Aunt Vera. Indicated she hasn't seen her mommy since her mommy took her to Vera's & she wants to be w/ her mother. Asked her why she at Vera's. Told me her mother & Cliff had a fight, & she had to move. Told me Anthony living at Nna's house (her step-grandmother?) & J.R. living w/ Illamay – his real grandmother. Asked Mary if anyone touched her in a private place (after reminding her where her private places are) "No." Asked her if her uncle touched her, "Yes". Asked her |

CWS 9 (5/85)    LEGEND: HC – Home Call;   TC – Telephone Call;   OC – Office Call;

San Joaquin County                            Human Services Agen

## SERVICES CHRONOLOGICAL CASE RECORDING    (2)

Case Name: Hubber, Debbi

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | where her uncle touched her. Mary pointed to her vaginal area. Asked Mary what her uncle's name is. Told me his name is Bill and he used to live w/ her mom. Asked her how old she was when her uncle Bill touched her. "Four". Asked her where this happened. Said she was in mom's bedroom. Mommy was "in the bathtub". It was nighttime. Asked her where J.R. was. "Sleeping". Anthony wasn't born yet. |
| | | | Asked Mary what Bill touched her private with — "His hands". Said she didn't remember what she was wearing. In response to my questions said he touched her "outside" her clothes. Said she was lying on the bed & Bill was sitting down on the bed. She told her mother who took her to the Dr. Mary denied anything |

San Joaquin County

Human Services Agen

SERVICES CHRONOLOGICAL CASE RECORDING    ③

Case Name: Hubber, Debbie

SVC No: 39—

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | else occurring. Acknowledged |
| | | | that she had seen Bill since, |
| | | | and felt OK about that. |
| | | | Said that no one else has |
| | | | touched her & no one has made |
| | | | her touch them in a private |
| | | | place. |
| | | | Gave Mary my card & asked |
| | | | her to give it to her aunt. |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CWS 9 (5/85)    LEGEND: HC — Home Call;    TC — Telephone Call;    OC — Office Call;

San Joaquin County

Human Services Ag—

SERVICES CHRONOLOGICAL CASE RECORDING        ④

Case Name: Hutcher, Debbi

SVC No: 39-

| Date;ÉA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 12/13 | HV | | went to guardian aunt's residence. No one there. Left my card. |
| 12/14 | TC | | From Vera Davis. She is in hospital (Dameron) surgery next ____ week. Agreeable ___ for meeting after Christmas. Told her I would call after Christmas |
| 1/2/90 | TC | | Vera Davis. Said she is feeling a little better, but still having to use a walker. Agreed to appnmt on 1/8/96 at 10:00 at her home. |
| 1/8/9 | HV | | Saw Vera at her home. She explained she was in a car accident & as a result had to have surgery on her leg. Her knee was extremely swollen & purple. Vera said she picked up Mary in late Nov. because Debbie had no place to go. Debbie _____ son to go _____ has the boys back now. Vera describes Debbie as being |

CWS 9 (5/85)        LEGEND:  HC - Home Call;   TC - Telephone Call;   OC - Office Call;

San Joaquin County                                                    Human Services Age

**SERVICES CHRONOLOGICAL CASE RECORDING**

Case Name: Hulber, Debbi

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | immature, wanting to "do her own thing" + really not equipped to put her children's needs ahead of go her own. Described how Debbie + her "mother" (actually her conservator) didn't buy the kids any toys for Christmas - just gave Mary a shawl skirt. Vera bought her a bike. She suspects Debby primarily has the kids for the money. |
| | | | Re: the molest of Mary - Vera doesn't know Debbie's brother's last name or where this was supposed to have occurred. She did think Debbie took Mary to the hospital but that it wasn't reported to CPS or law enforcement. Said Debbie has asked Mary in the past about seeing Uncle Bill, which Vera didn't think appropriate. |
| | | | Told Vera I would be following up w/ Debbie |

SERVICES CHRONOLOGICAL CASE RECORDING

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | re: the molest & that I would check on the wellbeing of the children in her care. |
| 1/18/90 | HC | | Attempted home call— 2 Debbie Hubber's residence. No one there. |
| 2/08/90 | TC | | from Vera Davis— said she can't afford to keep Mary w/out getting any aid. 2 Gave her name & number of Debbie's EW to get aid transferred. |
| 2/10/90 | TC | | from Vera Davis. Debbie has had Mary for weekend. Debbie was notified by her EW that her check going to be cut— She is now demanding Mary back. 2 Debbie told her that CPS — Mary involved & they would have to give OK. Told Vera I would go out tomorrow & check out the home. |

## SERVICES CHRONOLOGICAL CASE RECORDING

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| 2/12/90 | TC | | Debbie Hubber - at first quite irate - demanding to know why I interviewed her daughter w/out her permission. Told her I had the right to do so. Told me she doesn't abuse her kids. Told her that I never said she did, and that I do want to meet w/ her. Explained that I did go by to see her, but no one home. Said that she goes to school 8⁰⁰-3 but is home today all day. Agreed to come by after lunch. |
| 2/12/90 12³⁰ | HV | | Scheduled home visit to Debbie residency. Mary & "J.R." home w/ mother. Debbie explained that Willie at his (step) grandma's. They have him a couple days a week. House was adequately clean - at least kitchen & living area. Apt. extremely small 1 bedroom. Debbie tells me she wants Mary home because "J.R. has |

San Joaquin County

Human S

Case 2:22-cv-02011-DAD-DMC    Document 11    Filed 02/17/23    Page 70 of 122

Case Name: Hubber,

SERVICES CHRONOLOGICAL CASE RECORDING

SVC No: 39-

| Date;EA Time | Type Contact | With Whom | SUMMARY |
|---|---|---|---|
| | | | never been separated from his sister, & he misses her." Told Debbie that leaving her daughter at a relatives for 3 months & then wanting her back the same day she learn- from EW her check going to be cut — looks suspicious. She assured me she wants Mary back because she misses her & that she can't get by on less money. Said she didn't have big enough place right now & Mary needs to be at her "grandmother's" because Mom not happy at Vera's. She Mary complains about [ye] at Vera's & that Mary has to share a room w/ 13 yr old male cousin. Mary had by this time come downstairs too so I asked her if I could speak w/ her Mary agreed to talk w/ me while sitting on Debbie's lap. Mary confirmed that she sl[e] |

LEGEND: HC – Home Call;   TC – Telephone Call;   OC – Office Call;
CC – Collateral Call;   M – Mail

TO BE TYPED OR PRINTED - PRESS FIRMLY - DO NOT USE BALL POINT PEN

# CHILD ABUSE INVESTIGATION REPORT

To be Completed by Investigating Child Protective Agency
Pursuant to Penal Code Section 11169

**(SHADED AREAS MUST BE COMPLETED)**

FOR DOJ USE ONLY

**A952460**

**A. INVESTIGATING AGENCY**

1. INVESTIGATING AGENCY □ POLICE □ WELFARE □ SHERIFF □ PROBATION — AGENCY REPORT NO./CASE NAME

| 2. AGENCY CROSS-REPORTED TO: | 8. PERSON CROSS-REPORTED TO: | 9. DATE CROSS REPORTED |
|---|---|---|
| Sheriffs Dept | Sgt Speirs | MO 02 DA 12 YR 90 |

11. COMMENTS: *minor states maternal uncle fondled vaginal area outside of clothing. Family states matter reported 2 yrs ago but can't find record*

**B. INCIDENT INFORMATION**

2. TIME OF INCIDENT: 
3. LOCATION OF INCIDENT: *3824 Turnpike, Stockton CA*

| 4. NAME OF PARTY REPORTING INCIDENT: | TITLE: | 5. EMPLOYER: | 6. TELEPHONE: |
|---|---|---|---|
| Katherine Johnson | CSPII | SJ County PD | ( ) |

8. IF ABUSE OCCURRED IN OUT-OF-HOME CARE, CHECK TYPE: □ (1) FAMILY DAY CARE □ (2) CHILD CARE CENTER □ (3) FOSTER FAMILY HOME □ (4) SMALL FAMILY HOME □ (5) GROUP HOME
INSTITUTION-Enter name and address:

**C. INVOLVED PARTIES**

**VICTIMS**

ADDRESS: *1135 Madison Stockton*
PRESENT LOCATION OF VICTIM: *3958 E Lafayette* TELEPHONE NUMBER: *943-2963*
DID VICTIM'S INJURIES RESULT IN DEATH? □ YES ☒ NO
IS VICTIM DEVELOPMENTALLY DISABLED (4512(a) W&I)? □ YES □ NO

ADDRESS:
PRESENT LOCATION OF VICTIM: TELEPHONE NUMBER:
DID VICTIM'S INJURIES RESULT IN DEATH? □ YES □ NO
IS VICTIM DEVELOPMENTALLY DISABLED (4512(a) W&I)? □ YES □ NO

**SUSPECTS**

ADDRESS: *Stockton* CITY: *San Diego CA*
RELATIONSHIP TO VICTIM: □ (1) PARENT/STEPPARENT □ (2) SIBLING ☒ (3) OTHER RELATIVE □ (4) FRIEND/ACQUAINTANCE □ (5) STRANGER □ (6) OTHER

ADDRESS:
RELATIONSHIP TO VICTIM: □ (1) PARENT/STEPPARENT □ (2) SIBLING □ (3) OTHER RELATIVE □ (4) FRIEND/ACQUAINTANCE □ (5) STRANGER □ (6) OTHER

**OTHER**

| 1. NAME | Last | First | Middle | | DOB | SEX |
|---|---|---|---|---|---|---|
| | Hubber | Debbie | | ☒ (1) PARENT/STEPPARENT □ (2) SIBLING | 01/24/64 | □ MALE ☒ FEMALE |
| 2. NAME | Last | First | Middle | □ (1) PARENT/STEPPARENT □ (2) SIBLING | MO DA YR | □ MALE □ FEMALE |

*RACE CODES: W-White, B-Black, H-Hispanic, A-Asian, P-Pacific Islander, I-American Indian/Alaskan Native, O-Other, X-Unknown

□ **CHECK HERE IF ADDITIONAL SHEET(S) IS ATTACHED.**

SS 8583 (Rev. 3/87)    PINK COPY-DOJ; WHITE COPY-Police or Sheriff; BLUE COPY-County Welfare or Probation; GREEN COPY-Attorney's Office

RECORD OF REFERRAL - CPS

State Number 194659-1

| ☐ 2 hr. ☑ Logged ☑ Prior Referral | Ref. Code 4 | Priority L | Ethnic 3 | Language 4 | SW 476 | EW 311 |

WITH:

☐ **Mother's name** Nellie Hubbard  AKA(s) Hubber  DOB
Address 1635 S. Hunter Street  City  Telephone
Other Data

☐ **Father's Name** Willie Davis  AKA(s) 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  DOB 8-26-59
Address  City  Telephone
Other Data

☐ **Caretaker Name**  Address  Telephone  DOB

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| Willie Davis | M | | 5-26-82 | | McKinley | |
| Marie Paquilla Davis | | | 7-8-83 | | | |
| Anthony Ray Hubbard | | | 1-13-88 | | -drug baby at 7mo / 1 lb -to UC | D |

Presenting Problem (Summary):
- SPD (89-1906) investigated allegations of child neglect
- bedrooms were filthy
- mo is a drug addict  Referral Taken by Anne Quinison-477 Date: 1-17-89 Time:

Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):

Assessed by:  Date:

☑ Closing Summary ☐ Service Plan
SPD f/u 1/24/89, found home clean, w/adequate food & no evidence of drugs. Advised CPS further f/u unnecessary.
Info only.

| ☑ Info. Only | ☐ Open/Close | ☐ Open case to dist. | Worker Closed 476 | Date 1/30/89 |
| | | ☐ Counseling___ ☐ Court ___ | Supervisor | Date |

STOCKTON POLICE DEPARTMENT
SIGNIFICANT INCIDENT REPORT

| 1. ATTENTION: JUVENILE / C.P.S. | | 2. PAGE 1 OF 2 | 3. DR # 89-1906 |
|---|---|---|---|

4. INVOLVEMENT CODES: [VIC] VICTIM  [REP] REPORTING PARTY  [SUS] SUSPECT  [WIT] WITNESS  [SUB] SUBJECT  [MSP] MISSING PERSON  [PAR] PARENT  [INT] INTERPRETOR

| 5. CLASSIFICATION | 6. MO. | 7. DAY | 8. YR. | 9. TIME | 10. LOCATION OF OCCURANCE |
|---|---|---|---|---|---|
| 273 | 01 | 11 | 89 | 1845 | 1635 S. HUNTER |

| 11. INV | 12. NAME (LAST, FIRST, MIDDLE) | 13. SEX | 14. RACE | 15. DATE OF BIRTH | 16. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| PAR | HUBBER, DEBRA | F | W | 7-24-62 | N/A |

| 17. SOCIAL SECURITY NO. | 18. RESIDENCE ADDRESS, ZIP CODE | 19. RESIDENCE PHONE |
|---|---|---|
| - - | 1635 S. HUNTER | 942-1168 |

| 20. ALIAS | 21. BUSINESS/SCHOOL ADDRESS | 22. BUSINESS PHONE |
|---|---|---|
| | | |

| 23. INV | 24. NAME (LAST, FIRST, MIDDLE) | 25. SEX | 26. RACE | 27. DATE OF BIRTH | 28. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| VIC | HUBBER, ANTHONY | M | W | 4-13-88 | N/A |

| 29. SOCIAL SECURITY NO. | 30. RESIDENCE ADDRESS, ZIP CODE | 31. RESIDENCE PHONE |
|---|---|---|
| - - | 1635 S HUNTER | 942-1168 |

| 32. ALIAS | 33. BUSINESS/SCHOOL ADDRESS | 34. BUSINESS PHONE |
|---|---|---|
| | | |

| 35. INV | 36. NAME (LAST, FIRST, MIDDLE) | 37. SEX | 38. RACE | 39. DATE OF BIRTH | 40. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| | | | | | |

| 41. SOCIAL SECURITY NO. | 42. RESIDENCE ADDRESS, ZIP CODE | 43. RESIDENCE PHONE |
|---|---|---|
| | | |

| 44. ALIAS | 45. BUSINESS/SCHOOL ADDRESS | 46. BUSINESS PHONE |
|---|---|---|
| | | |

| 47. INV | 48. NAME (LAST, FIRST, MIDDLE) | 49. SEX | 50. RACE | 51. DATE OF BIRTH | 52. DRIVERS LIC. NO. |
|---|---|---|---|---|---|
| | | | | | |

| 53. SOCIAL SECURITY NO. | 54. RESIDENCE ADDRESS, ZIP CODE | 55. RESIDENCE PHONE |
|---|---|---|
| | | |

| 56. ALIAS | 57. BUSINESS/SCHOOL ADDRESS | 58. BUSINESS PHONE |
|---|---|---|
| | | |

59. NARRATIVE

ROUTING
- ☐ CR. ANLY
- ☐ D.A.
- ☐ INVEST.
- ☐ JUV.
- ☐ MISD. FOL-UP.
- ☐ NARCO/VICE
- ☐ POUND
- ☐ TRAFFIC
- ☐ W.C.
- ☐ OTHER

WE WERE DISPATCHED TO 1635 S. HUNTER REGARDING A POSSIBLE CHILD NEGLECT.

THE INFORMATION WAS RECIEVED FROM A NEIGHBOR WHO REFUSED TO GIVE THEIR NAME.

UPON CHECKING THE RESIDENCE, WE MET (PAR) DEBRA HUBBER. THE HOUSE APPEARED TO HAVE FOOD AND HEAT. THE (VIC) WAS CLEAN AND HAD FRESH CLOTHES.

THE BEDROOMS WERE VERY DIRTY. NUMEROUS CLOTHES WERE ON THE FLOOR WHICH

60. VEHICLE INVOLVEMENT   ☐ SUS   ☐ VICTIM   ☐ WITNESS   ☐ OTHER

| 61. YEAR | 62. MAKE | 63. MODEL | 64. BODY STYLE | 65. COLOR/COLOR | 66. LICENSE NO. | 67. STATE | 68. YR EXPIRES |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 69. ADD. VEH. IDENTIFIERS (DAMAGE, CHROME) | 70. VIN. NO. |
|---|---|
| | |

| 71. DATE/TIME OF REPORT | 72. PROPERTY CARD NO. | 73. REPORTING OFFICER | 74. EMPLOYEE NO. | 75. APPROVED BY |
|---|---|---|---|---|
| 1-13-89 - 1800 | | MCCARTY 1 | 5157 | |

DEEPER CLEANING. SOME ROACHES WERE FOUND

IN THE BATHROOM NEAR THE TOILET.

(FAR) HUBBER WAS ADVISED AND TOLD

THIS MATTER GIVEN TO OUR JUVENILE DIVISION.

SERVICE REFERRAL/DISPOSITION                    San Joaquin County
                                                Human Services Agency

**Check One!**

☐ I & R    ☐ I & A    ☐ IHSS    ☐ APS

| | | SERVICES USE ONLY | | | |
|---|---|---|---|---|---|
| **T** | **AID** | **SERIAL NUMBER** | **SPU** | **SWUC NO.** | **APPLICATION DATE** | **FOR SW USE ONLY** |

FOR SW USE ONLY
open plan number

| SEX | NAME (Last) | (First) | (Initial) | BIRTHDATE |
|---|---|---|---|---|
| F | Hubber | Debbie | | 7.29.62 |

Also known as

SOCIAL SECURITY NUMBER
557.13.8026

| HOME ADDRESS (No.) | (Street) | (City) | (Zip) | TELEPHONE |
|---|---|---|---|---|
| 1635 | S. Hunter | SHCm | 95206 | |

**2**

A ☐ APPLICANT FOR AFDC OR SSI/SSP.............. 39- -
B ☒ CURRENT RECIPIENT OF AFDC OR SSI/SSP....... 39- 30 - 194659
C ☐ OTHER OPEN CASE............................. 39- -
D ☐ CLOSED CASE................................. 39- -
E ☐ NONE OF THE ABOVE.......................... 39- -

CASE NUMBER

SERVICES USE ONLY

**3**

REGISTRATION STATUS (Complete on all AFDC cases): ☒ EXEMPT    ☐ WIN REGISTRATION    ☐ ES REGISTRATION

| IMMEDIATE SERVICE REQUESTED: | Spouse's name | Source of referral | Telephone No. |
|---|---|---|---|
| YES ☐   NO ☒ | | | |

**4** REASON FOR REFERRAL

4c 1.11.89 - anon. female who says
she knows family very well. Debbie
& boyfriend both use drugs & he
abuses children. (Debbie receives SSI-SSP
& is easily used, manipulated).

| Signature | Ext. No. | Wkr No. | Unit Chief | Date |
|---|---|---|---|---|
| J Angerstein | 3931 | 311 | Phar | 1.13.89 |

**5** ASSIGNMENT OF SERVICE REFERRAL

| Assigned to complex/unit | Unit Chief |
|---|---|
| Wkr No. Worker name | Ext. |

**6** DISPOSITION OF SERVICE REFERRAL

A ☐ INFO/REFERRAL SERVICES ONLY
B ☐ SERVICE PLAN INITIATED
C ☐ NOT ELIGIBLE
D ☒ OTHER: the case was not investigated
+ services are being provided by Child Abuse Council

| Signature | Wkr No. | Date |
|---|---|---|
| Helen Deunesen | 477 | 1-13-89 |

SJ 30 (6/86)

# RECORD OF REFERRAL - CPS

State Number: 30 - 194659

| ☐ 2 hr. | ☑ Logged | ☑ Prior Referral | Ref. Code: 4 | Priority | Ethnic: 3 | Language: 7 | SW: | EW: 324 |

**WITH:**

☑ **Mother's Name:** Debbie Hubber    **AKA(s):** Hubbard    **DOB:** 7/24/62
**Address:** 3824 S Turnpike    **City:** Stkn 06    **Telephone:** 982-1037
**Other Data:**

☐ **Father's Name:** Willie Davis    **AKA(s):**    **DOB:** 8-26-59
**Address:** Wichita Falls, TX (Prison)    **City:**    **Telephone:**
**Other Data:**

☐ **Caretaker Name:**    **Address:**    **Telephone:**    **DOB:**

| Minor(s) Name | Sex | Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| Willie Davis Jr. | M | 4 | 5-2-82 | | McKinley - K | |
| Mary Davis | F | 3 | 7-8-83 | | 944-6235 | |
| | | | | | 30 W. 9th St. | |
| | | | | | | |
| | | | | | | |

**Presenting Problem (Summary):** Mo. uses AFDC & SSI for drugs & alcohol. House is dirty; no food. Clothing for kids dirty. Mo. hits kids w/ shoes & belt. Her "roommate" is convicted child abuser, Sam Davis. (knows last time children shift)

**Referral Taken by:** C. Ureda    **Date:** 9/4/86    **Time:** 12:25 pm

**Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):**

**Assessed by:**    **Date:**

☒ Closing Summary ☐ Service Plan

Allegations unfounded. There is no evidence of abuse or neglect during an unexpected visit

| ☐ Info. Only | ☒ Open/Close | ☐ Open case to dist. | ☐ Counseling ___ | ☐ Court | **Worker:** DIAZ **Date:** 9/5/86 | **Supervisor:** **Date:** |



# Human Services Agency

133 East Weber Avenue  •  Stockton, California 95202  •  (209) 944-3333

Income Maintenance
Administrative Services
Children's Services
Adult Services
Aging Programs
Community Action Agency

Date: 9/5/86.

Reporting Party: William Thomas

Agency:

Address: 409 E. Market #528

City/State: Stkn. CA. 95202

Re: Willie & Mary Davis

Dear Mr. Thomas :

You referred the above-named child(ren) to our Agency for Children's Protective Services intervention on 9/4/86 . Since that time:

_____ We assessed the case, and;

    _____ Referred it to a more appropriate agency for services.

    _____ A formal record of the allegation has been made.

✓ We investigated the referral, and;

    _____ The parents did not accept voluntary services and there are no grounds for further intervention at this time.

    _____ The parents agreed to voluntary services and Children's Protective Services will provide a counselor for the family.

    _____ The parents agreed to accept services, but the situation was more appropriately handled by a community agency to which the family was referred.

    _____ Juvenile Court proceedings have been initiated on behalf of the child(ren).

    _____ Children's Protective Services already have an open case and will continue to provide services.

    ✓ determined the allegations were unfounded.

appreciate your continued cooperation with Children's Protective Services and your concern for ...dren who are victims of parental maltreatment.  Should you wish to discuss the referred situation ... please feel free to call me at 944-3345.

...ours,

...ices Social Worker

San Joaquin County                Human Services Agency

**RECORD OF REFERRAL – CPS**

STATE NUMBER: 30- 194659 - 2

| ☐ 2 hr.   ☒ Logged   ☒ Prior Referral | REF. CODE | PRIORITY | ETH. | LANG | SW | EW |
|---|---|---|---|---|---|---|
| | 4 | L | | | 474 | 841 fraud unit |

| WITH: ☒ | MOTHER'S NAME | AKA(S) | | | | |
|---|---|---|---|---|---|---|
| | Debbie Hubbard | | | | | |

| ADDRESS | | CITY | TELEPHONE |
|---|---|---|---|
| 807 N. Madison   #7 | | 02 | 466-3379 |

OTHER DATA

| ☐ | FATHER'S NAME | AKA(S) | DOB |
|---|---|---|---|
| | Willie Davis | | 8-26-59 |

| ADDRESS | CITY | TELEPHONE |
|---|---|---|

OTHER DATA

| ☐ | CARETAKER NAME | ADDRESS | TELEPHONE | DOB |
|---|---|---|---|---|

| Minor(s) Name | Sex | Age | DOB | SSN | School | --- Hours |
|---|---|---|---|---|---|---|
| Willie Davis | M | 3 | 5-26-82 | | | |
| Mary | F | 19mo | 7-8-83 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Presenting Problem (Summary):**
Toilet plugged, house smells, not clean, another family moved into apt. also. Chn not fed properly. general neglect

REFERRAL TAKEN BY: S. Hoffman DATE: 2-20-85 TIME:

**Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):**

ASSESSED BY:          DATE:

☒ Closing Summary   ☐ Service Plan
New toilet-operable, home neat & organized - no smell. Minors appeared clean & healthy.

| ☐ Info. Only   ☒ Open/Close   ☐ Open case to dist. | WORKER | DATE |
|---|---|---|
|         ☐ Counseling___   ☐ Court ___ | Ech | 2-22-85 |
| | SUPERVISOR | DATE |

SS 12 (9/83)

RECORD OF REFERRAL – CPS

948-8955

STATE NUMBER 30-194659-1

| ☐ 2 hr. | ☑ Logged | ☐ Prior Referral | REF. CODE | PRIORITY | ETH. | LANG | SW | EW |
|---|---|---|---|---|---|---|---|---|
| | No card | | L | W | 3 | | | 841 |

WITH: ☐

| MOTHER'S NAME | AKA(S) | | DOB |
|---|---|---|---|
| Debbie Hubbard | | | 19-00 |
| ADDRESS | | CITY | TELEPHONE |
| 3749 S. Turnpike Rd. | | Stn. | |
| OTHER DATA | | | stcp  HES# 982-5411 |

☑

| FATHER'S NAME | AKA(S) | DOB |
|---|---|---|
| Willie Davis | | 8-26-59 |
| ADDRESS | CITY | TELEPHONE |
| s/w | | |
| OTHER DATA | | |
| 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 | | |

☐

| CARETAKER NAME | ADDRESS | TELEPHONE | DOB |
|---|---|---|---|
| | | | |

| | Minor(s) Name | Sex Age | DOB | SSN | School | Hours |
|---|---|---|---|---|---|---|
| 01 | Willie Davis Jr. | 2y.a | 5-26-82 | | | |
| 02 | Mary Davis | 9mo. | 7-8-83 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Presenting Problem (Summary): Dirty house (dishes dirty, bathroom "nasty," floors not mopped, clothes + other items piled to ceiling in bedroom). Mo does not feed Mary (only formula - no water). Poor, Mary's mouth has sore on it. Mo does not know how to bathe baby.

REFERRAL TAKEN BY: R. Phillips   DATE: 4/23/84   TIME:

Assessment (Factors that contribute to the problem, attitudes of family towards services, relevant past referrals):

ASSESSED BY:                    DATE:

☒ Closing Summary   ☐ Service Plan

House not dirty. Mary discovered to have pneumonia : Willie with ear infection - Mother took minors to physician as instructed by CPS : PHN. PHN-Ben Kenbow to F/u with family

| ☐ Info. Only | ☒ Open/Close | ☐ Open case to dist. | WORKER Esn | DATE 4-27-84 |
|---|---|---|---|---|
| | | ☐ Counseling   ☐ Court | SUPERVISOR | DATE |

SS 12 (9/83)

# EXHIBIT C

John G. Panerio
Attorney at Law
120 N. Hunter St.
Stockton CA 95202
209-601-9177

Dear Willis Davis:

This is to inform you that your Franklin hearing has been completed. As you were made aware at the hearing, all mitigating material was submitted to the Court as well as the Parole Board. I don't see this as an appealable issue. If you would like, you could file a writ under Penal Code Section 1170.95. However, the information in my file indicies that you were a major participant in the felony murder (ie. identified by a witness as a shooter). Filing this writ is something you must do on your own or hire a private attorney. Hope all is well.

Date:  6/25/20

_____
John G. Panerio

Ex C

## Superior Court of California, County of San Joaquin

### MINUTE ORDER

**Date:** 03/02/2020 01:30 PM                    **Case Number:** STK-CR-CNV-1997-0017439

**People of the State of California vs. Willis Davis**
**06/27/1979**
**Event Type:** Miscellaneous Hearing                    **Department:** 7A

**Appearances:** Presiding Judicial Officer: Seth R. Hoyt Jr., Judge. Prosecution appears by Prosecution Attorney, Haley C Mott Office of the District Attorney. Attorney John George Panerio appears with Defendant, Willis Davis. . Also attending: Jennell Schneider  Court Reporter; Imendez  Court Clerk.

Franklin Hearing held.

Defendant in custody, not at the county jail.

Debra Callins, Cushado Cox, Phillip Callins, Belinda Daniel Buckley, Delbon Robinson addressed the court.

Defense counsel submitted a package to the court to be sent to the Board of Prison Term and California Department of Correctional Rehabilitation (CDCR).

Defendant to remain in custody serving sentence at CDC.





EXHIBIT

1

2  Willis Davis #K70724

3  P.O. Box 689

4  Soledad, Calif. 93960-0689

5

6

7  Willis Davis

8          Petitioner

9       V.

10  People of California.

11  San Joaquin - Stockton

         Defendant

12

13

14  Introduction:

15

16       Petitioner is serving a 15 to Life Sentence on a

17  Second Degree Murder, convicted in 1997

18

19  Argument:

20

21       I went to court on 3·2·20 for a Franklin

22  Henning which judge do/does has the discrection And upon that

23  discrection take in New enacted laws under Senate Bill-260 or

24  Any New laws that pertain to petitioner.

25  Under Franklin know as a "Cook Motion" that All information be

disclosed but any (All) juvenile (youth offender) laws be taken into account

do to petitioner case is open. Fact is Public Defender showed also

28  gave petitioner information saying - showing that petitioner supposely

RECEIVED
JUN - 4 2020
BRANDON E. RILEY, CLERK
YVETTE WILLETT
By
Deputy Clerk

Case No. STK-CR-CNV-1997-0047

(Previous Case No. SP061873.A)

Judge: Seth Hoyer

Motion - Notice of Appeal

RECEIVED
Returned
APR 13 2020
Clerk, Court of Appeal
Third Appellate District

Ex A

MC-020

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

1  had a fitness hearing under 707 Inst. & Welfare Act, but public defender nor
2  distric Attorne Moss wasn't able to produce the information that
3  should have been giving to adult courts (Superior Court) from the Municipal
4  Court - Juvenile Courts Pen. Code § 377, § 730, § 732
5  to show why juvenile wasn't fit to be trial within the juvenile
6  court system, but where-ever the petitioner is remanded should be
7  disclosed with the information to show Mitigating and Aggravating
8  factors §1170(b)(1) Also §1203.1
9
10  If petitioner had a Juvenile Fitness Hearing, there will not be a
11  reason for another fitness hearing, the courts could of just produce the
12  information required  • Life History
13                        • Medical Disability
14                        • Learning Disability
15  Amendments:
16
17  14ᵗʰ Amend. Due Process
18      The courts didn't do or provide petitioner a fair adequate
19  hearing by enacting new laws such as SB-260, SB-1437, but no information
20  showing eliminates of disabilites which would of reduce the petitioner
21  sentence base on history of Sucide, DSM-V (mother addiction to alchol and
22  crack), Group Homes, etc.
23
24      6ᵗʰ Amend. Inaffective Assistant Counsel
25      When petitioner was telling counsel to raise issues he only
26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*
27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page ____

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

THOMSON
WEST
CRC 201, 501

1   didn't, but wasn't able to answer client questions but neglected to
2   to present these questions to the judge.

4   Conclusion:

6        Based on the foregoing, if public defender would of
7   At least asked the judge (do to petitioner case being back open)
8   New undiscover information about the petitioner would have been
9   relevant in the offset. Because of none of this information NOT
10  being disclosed to the judge, judge couldn't/can't take in
11  Mitigating or Aggravating factors nor did petitioner recieve a
12  fair hearing especially when petitioner have History of Sucide,
13  Recieving Social Security, Etc.

16  Dated: April 5, 2020

17                                          Willis Davis
18                                          Willis Davis

<u>PROOF OF SERVICE BY MAIL</u>

<u>BY PERSON IN STATE CUSTODY</u>

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __Willis Davis_____, declare:

I am over 18 years of age and a party to this action. I am a resident of __Soledad California__

__Monterey County_____ __California Training Facility____Prison,

in the county of __Monterey_____

State of California. My prison address is: __P.O. Box 689, Soledad California__,

__93960-0689_____

On __April 5, 2020_____

(DATE)

I served the attached: __Motion - Notice of Appeal_____

_____

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

> Third Appellate Court
> 914 Capitol Mall
> Sacramento, Calif 95814-4814

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __4.5.20_____        __Willis Davis_____
(DATE)                                    (DECLARANT'S SIGNATURE)

RECEIVED
Returned
APR 13 2020  Notice of Appeal
                     filed in superior
CLERK, COURT OF APPEAL     Court
THIRD APPELLATE DISTRICT

Clv-69 (Rev. 9-97)

-9-

Ex A

EXHIBIT E

OFFICE OF THE CLERK
COURT OF APPEAL
Third Appellate District
State of California

914 Capitol Mall
Sacramento, CA  95814-4814
916.654.0209
www.courts.ca.gov

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

COLETTE M. BRUGGMAN
Assistant Clerk/Executive Officer

May 5, 2020

Willis Davis
CDC #: K70724
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Re:    Motion — Notice of Appeal

Dear Mr. Davis:

Enclosed please find your document entitled "Motion - Notice of Appeal" that was received
by this court on April 13, 2020.   At the direction of the court, it is being returned unfiled.
Pursuant to the California Rules of Court, rule 8.304, a notice of appeal from a judgment or
an appealable order must be filed in the superior court where the judgment or order was
entered.

However, if you intend to file a petition for writ of habeas corpus with this court, I am also
enclosing a copy of Judicial Council form HC-001, *Petition for Writ of Habeas Corpus*, for
your use.   Additionally, if you intend to file a petition for a writ, you may do so by submitting
an original petition, including an originally signed verification (Cal. Rules of Court, rule
8.486(a)(4)).   I am enclosing a copy of a flyer entitled *Procedural Guidelines for Filing a
Writ* to assist you.

Very truly yours,

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

By:   Todd Eyster
Supervising Deputy Clerk

$Ex$ E

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|
| OFFICE OF THE PUBLIC DEFENDER<br>535 W. Mathews Road<br>French Camp, California  95231 | (209) 468-4253 | |

ATTORNEY FOR *(Name)*:  WILLIS DAVIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

STREET ADDRESS: 535 W. Mathews Road
MAILING ADDRESS: 535 W. Mathews Road
CITY AND ZIP CODE: French Camp, CA  95231
BRANCH NAME:

| CHILD'S NAME:<br><br>WILLIS DAVIS | HEARING DATE AND TIME: |
|---|---|

| PETITION FOR DISCLOSURE OF JUVENILE COURT RECORDS<br>Welfare and Institutions Code, § 827 | CASE NUMBER:<br>J00259 |
|---|---|

1. Petitioner's name and address *(if representing another person, organization, or agency, provide names and addresses)*:
   WILLIS DAVIS
   c/o Public Defender's Office

2. Petitioner's relationship to child:

3. Petitioner on information and belief alleges the following;
   a. There are juvenile court records concerning the above named child.
   b. ☒ The child has been found to be within the jurisdiction of the juvenile court under:
      ☐ Welfare and Institutions Code section 300
      ☐ Welfare and Institutions Code section 601
      ☐ Welfare and Institutions Code section 602
      ☐ Unknown
   c. ☒ The child is currently a  ☐ dependent  ☐ ward of the juvenile court.   ☐ Unknown
   d. ☐ The case was closed on *(date)*:                                        ☐ Unknown

4. Petitioner requests access to the following juvenile court records as defined by rule 1423 of the California Rules of Court;
   *(Describe in detail. Attach additional pages if necessary.)*

   The minor currently has a 707(b) petition pending.  The information
   contained in his dependency file would help in the preparation of his
   case.

   ☐ Additional pages attached.

5. The reasons for this request are;
   *(Describe in detail. Attach additional pages if necessary.)*
   ☐ Civil court case pending (no:                )
   ☐ Criminal court case pending (no:             )
   ☐ Relevant case nos. *(if known)*:
   ☒ Juvenile court case no.: J00259       ☐ P.D. rpt. no.:            ☐ Other:

   ☐ Additional pages attached.

*(Continued on reverse)*

PETITION FOR DISCLOSURE OF JUVENILE COURT RECORDS
Welfare and Institutions Code, § 827

JC-276

| CHILD'S NAME: | CASE NUMBER: |
|---|---|
| WILLIS DAVIS | J00259 |

6. ☐ A copy of this petition has been placed in a sealed envelope with postage paid and the envelope has been deposited in the United States mail to the following:

    a. ☐ County counsel *(address)*:

        Date mailed:

    b. ☐ District attorney *(address)*:

        Date mailed:

    c. ☐ Child *(address)*:

        Date mailed:

    d. ☐ Attorney of record for child who is a current dependant or ward *(name and address)*:

        Date mailed:

    e. ☐ Child's parent or guardian, if child is under 18 years of age or if a dependency petition was ever filed regarding the child *(name and address)*:

        Date mailed:

    f. ☐ Probation department *(address)*:

        Date mailed:

    g. ☐ Child welfare services program *(address)*:

        Date mailed:

7. ☐ Petitioner was unable to provide notice of this petition and hearing on the following because the identity of the party or the address or both were unknown to petitioner, and the clerk should serve a copy of the petition and notice of hearing by first-class mail.

    a. ☐ Child.

    b. ☐ Child's attorney of record.

    c. ☐ Parent or guardian.

8. ☒ The child has consented to the requested disclosure and the child's written consent or release is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date: June 18, 1997

ROSE CARDOSO
................................................
(TYPE OR PRINT NAME)

Address and telephone number:
535 W.Mathews Road
French Camp, CA 95231
(209) 468-4255

☐ Number of pages attached:

▶ *(signature)*
(SIGNATURE OF PETITIONER)

DEPUTY PUBLIC DEFENDER

☐ PETITION GRANTED        ☐ PETITION DENIED
☐ ADDITIONAL ORDERS:

☐ Set Hearing on Petition. Clerk to notice under rule *(no.)*:

Date: 6/19/97

*(signature)*
JUDICIAL OFFICER

JV-570 (New July 1, 1992)

PETITION FOR DISCLOSURE OF JUVENILE COURT RECORDS
Welfare and Institutions Code, § 827

Page two

EXHIBIT F

1  Willis Davis, K70724
   Correctional Training Facility
2  Central Facility/F-Wing 101 up
   P. O. Box 689
3  Soledad, CA 93960-0689

4  IN PRO PER

5

6

7                    IN THE SUPERIOR COURT OF CALIFORNIA
                     FOR THE COUNTY OF SAN JOAQUIN
8

9  WILLIS DAVIS,                    ) CASE No. STK-CR-CNV-1997-0017439/SP061873A
                    Appellant,      )
10                                  ) MOTION FOR RELIEF FROM DEFAULT
                                    )
11 vs.                              )
                                    )
12 PEOPLE OF THE STATE OF CALIFORNIA )
                    Respondent.     )
13 ─────────────────────────────────)

14     To: The Honorable presiding Judge for the Superior Court of California for the

15 County of San Joaquin:

16

17     Appellant, Willis Davis, on his own behalf, moves this Court for an order Granting

18 Relief from Default for filing a late Notice of Appeal for the reason explained below.

19 This motion is made pursuant to California Rules of court, Rule 8.308(e).

20

21

22                                        ─────────────────────────
                                          Willis Davis, K70724
23                                        IN PRO PER

24

25

26

27

28

                                              Ex. F

DISCUSSION

On March 2, 2020, Appellant had a Franklin Hearing, pursuant to SB 260. At that hearing, appellant requested for his defense attorney to submit certain documents that relevant to the Presiding Judge's ability to judicious decide the matter before him.

The above-mentioned documents would have informed the court that appellant suffered with certain mental conditions that had the potential to aid the judge's insight into appellant's aptitudinal deficiencies, suicidal tendencies, and other mitigating disabilities. Likewise, those documents would have informed the court that appellant had spent substantial time in group-home settings and that he suffered with DSM-V (his mother was addicted to alcohol and crack cocaine).

The aforesaid information was relevant as well as matertial to the court's finding whether, or not, appellant was eligible for relief pursuant to SB 206. Therefore, appellant received ineffective assistance of counsel through his defense attorney's failure to obtain the aforesaid documents, which defense attorney could have procured with minimal research effort.

After the Franklin hearing, appellant filed a Notice of Appeal in a timely manner. However, appellant, being a layperson at law, mistakenly mailed the Notice of Appeal to the Court of Appeal for the Third Appellate District. That court received the Notice of Appeal on April 13, 2020. (See Exhibit A, attached hereto.)

The Court of Appeal for the Third Appellate District returned the Notice of Appeal to appellant. (See Exhibit B, attached hereto.) Subsequently, appellant filed the Notice of Appeal in the Superior Court of California for the County of San Joaquin. That court received the Notice of Appeal on June 4, 2020, and returned it to

1    appellant on that same day. (See Exhibit C, attached hereto.) The Clerk of the Supe-

2    rior Court noted: In accordance with California Rules of Court, rule 8.308(a), Notice

3    of Appeal must be filed within 60 days after the rendition of the judgment or the ma-

4    king of the order being appealed. (Id.)

5

6        Appellant submits that he diligently prepared the Notice of Appeal (to the best

7    of his ability). Although appellant mailed the Notice of Appeal to the wrong court,

8    that court (Court of Appeal) received the Notice of Appeal well before the 60-day

9    statute of limitations had run, which is evidenced by the Court of Appeal's stamp on

10   the lower left side of page one of the Notice of Appeal and on the lower right side

11   of the proof of service attached thereto. (See Exhibit A.) Upon receiving the Notice

12   of Appeal (back) from the Court of Appeal, appellant mailed the Notice of Appeal to

13   the Superior Court forthwith.

14

15       Appellant has procured, and provided, documents similar to the documents his

16   defense attorney could have so easily obtained and submitted at the Franklin hearing

17   hereto as exhibit D.

18

19       Wherefore, appellant prays tha this honorable Court accepts the accompying No-

20   tice of Appeal as timely filed by the date the Court of Appeal received it:April 13,

21   2020 and Grant this Motion for Relief from Default for filing a late Notice of Appeal.

22   Dated: _____, _____.

23

24

25                                  Respectfully submitted,

26

27                                  _____
                                    Willis Davis, K70724
                                    IN PRO PER

28

EXHIBIT G



*Superior Court of California*
*County of San Joaquin*
180 E. Weber Avenue, Suite 230
Stockton, CA 95202
Telephone: (209) 992-5363

June 4, 2020

Willis Davis, K70724
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Re:    Case No. STK-CR-CNV-1997-0017439/ SP061873A
       People vs. Willis Davis

Dear Mr. Davis,

On June 4, 2020 I received your Notice of Appeal.

After reviewing the minute order for March 2, 2020, I was unable to find a ruling made during the Franklin Hearing.

In accordance with California Rules of Court, rule 8.308(a), a Notice of Appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed. Whenever a notice of appeal is late the superior court clerk must mark a late notice of appeal Received but not filed, notify the party that the notice was not filed because it was late, and send a copy of the received notice of appeal to the district appellate project.

Should you seek assistance, please contact Central California Appellate Program, 2150 River Plaza Dr., Suite 300, Sacramento, CA 95833.

Sincerely,

Yvette Willett, Deputy Clerk
San Joaquin County Superior Court

cc: Central California Appellate Program

Ex. G



CENTRAL CALIFORNIA APPELLATE PROGRAM
2150 RIVER PLAZA DRIVE, SUITE 300 • SACRAMENTO CA 95833   PHONE 916.441.3792   FAX 916.923.9398

June 24, 2020

Willis Davis
K70724
CTF - Facility C
P. O. Box 689
Soledad, CA 93960

**CONFIDENTIAL LEGAL MAIL**

RE:    People v. Davis - San Joaquin County SPO61873

Dear Mr. Davis:

Central California Appellate Program assists the Court of Appeal, Third and Fifth Districts, with the administration of criminal and juvenile appeals. Only the defendant or the defendant's attorney can file a notice of appeal (Cal. Rules of Ct., rule 8.304(a)(3)).

A notice of appeal must be filed within 60 days of the judgment. (Calif. Rules of Ct., rule 8.308.) The clerk rejected your notice as untimely because it was received on June 4, 2020. The clerk included a copy of your notice which shows that it was signed by you on April 5, 2020 and received at the Court of Appeal on April 13, 2020. The clerk did not show the envelope which should include the back of the envelope to show the officer's name, badge, and date. It seems there was a Franklin hearing on March 2, 2020 with John Panerio as your attorney. The clerk's notes indicate that people provided information and a packet of documents was submitted to be forwarded to CDCR. It does not appear that the court ruled against you on any issue.

I reviewed your handwritten notice to see if there were orders denying some aspect of the Franklin review that you wanted to appeal. You mention SB 620 and SB 1437. I don't have specific information about your case, so you could ask some questions of Mr. Panerio. SB 1437 is a separate proceeding which requires that you file a petition and specifically allege that your case would be affected by recent changes in homicide law involving felony-murder and natural and probable consequences. Since he is aware of your case, you could assist you with filing that petition.

READ THIS ENTIRE LETTER AND THE FORMS BEFORE YOU BEGIN FILLING OUT FORMS.

A notice of appeal must be filed within 60 days of the judgment. (Calif. Rules of Ct., rule 8.308.) I understand the judgment you are appealing was entered March 2, 2020. While you

Page 2
Willis Davis
June 24, 2020

made efforts to file on time, those were not successful. Since the deadline has passed, you cannot file a notice of appeal in the superior court where you were sentenced. You can, however, ask the Court of Appeal to apply the constructive filing doctrine also known as the *Benoit* doctrine (*In re Benoit* (1973) 10 Cal.3d 72) to your case.

Under the constructive filing doctrine a Court of Appeal can allow a notice of appeal to be filed after the 60 day deadline under a special exception. The special exception is that the defendant was in custody, that the defendant asked his or her attorney to file a notice of appeal, the attorney agreed to file a notice of appeal and then did not file a notice of appeal. The doctrine also requires that the defendant be diligent (active and persistent) in pursuing an appeal. Your application can describe and attach copies of your attempts to file in time.

The longer it has been since the 60 day deadline, the less likely it is that the Court of Appeal will give permission to file a notice of appeal because the delay is an indication that the defendant was not diligent in pursuing the appeal. For that reason, it is important that you explain in detail in your motion when and how you found out you did not have an appeal and what you have done since you found out to try to get an appeal started. The place to explain that is in the declaration attached to the motion. Your declaration is under penalty of perjury, so be careful to tell the truth. If you want to ask the Court of Appeal to apply the constructive filing doctrine to your case, the procedure is as follows:

FORMS
Fill in all the blanks in the enclosed documents: 1) Request for Permission to File a Notice of Appeal Under the Constructive Filing Doctrine; 2) the Defendant's Declaration; and 3) Declaration of Service, then sign and date the Request, Declaration, and Declaration of Service. Because your Declaration to the court is under penalty of perjury, be careful to write the truth.

Enclosed are two notices of appeal and instructions. Fill both notices out the same except do not sign or date one. Keep that unsigned notice of appeal and send the signed notice with the motion you are sending to the Court of Appeal. DO NOT SEND A NOTICE OF APPEAL TO THE SUPERIOR COURT UNLESS AND UNTIL THE COURT OF APPEAL GIVES YOU PERMISSION. The Superior Court that sentenced you cannot accept a notice of appeal for filing after the 60 day deadline.

If you want to appeal an order that was made during the Franklin hearing, you should mark box 2.(b)(3) - Other and write in that you challenge orders made on March 2, 2020 at the Franklin hearing. You can leave page two blank.

MAILINGS
Mail the original Request, Declaration, proposed notice of appeal and Declaration of Service to the Third District Court of Appeal, 914 Capitol Mall, Sacramento, CA 95814. The purpose of the Declaration of Service is to indicate that you mailed copies to the Attorney General and the attorney who represented you. Mail the original Request, Declaration, and Declaration of Service to the Court of Appeal, and mail copies of all three documents to the Attorney General at P.O. Box 944255, Sacramento, CA 94244, and copies of all three documents to the attorney who

Page 3
Willis Davis
June 24, 2020

represented you at sentencing. Keep two copies for your record in case your request is denied
and you want to ask the California Supreme Court to review the denial. The Court of Appeal
will rule on your motion and send you its order.

The California Code of Regulations (CCR) provides that an indigent prisoner be provided with
free postage for mailing documents to the courts and duplicating services. (15 CCR, §§ 3165(d))
and 3162). Indigent, as that term is used in the regulations, means that you currently have and for
the last 30 days have had $1 or less in your trust account. (15 CCR, §§3162(a); 3165(d).)]

IF YOUR REQUEST IS GRANTED
If the Court of Appeal grants your request, it will send you an order giving you about 20 days to
file a valid notice of appeal in the superior court where you were sentenced. If you receive an
order giving you permission to file a late notice of appeal, attach that order to the notice of appeal
you kept, date and sign the notice of appeal and send the order and the notice of appeal to the
superior court where you were sentenced.

If your motion is granted and you file a notice of appeal within the time limit set by the Court of
Appeal, this office will send you forms to apply for an attorney. Return these forms to this office
right away and keep the Court of Appeal and this office advised about any changes in your
address. If you do not fill out and return the forms an attorney will not be appointed to your case.

IF YOUR REQUEST IS DENIED
If the Court of Appeal denies your request, you can ask the California Supreme Court to review
the denial by completing the Petition for Writ of Habeas Corpus enclosed with this letter. Mail it
and a copy of everything you filed in the Court of Appeal and the Court of Appeal order denying
your request to the Supreme Court, 350 McAllister Street, San Francisco 94102. Read and
follow the instructions carefully and complete and mail it as soon as possible after your motion is
denied and in no event more than 60 days after the denial.

If the California Supreme Court does not grant review, you can file a Petition for Writ of Habeas
Corpus in a United States District Court. I have not enclosed those forms, but you can contact
this office to obtain those forms. Please understand that CCAP is providing you with these forms
as a courtesy. CCAP is not your attorney and does not represent you.

S/
Deanna Lamb
Staff Attorney

Encl. DCA3 packet; NOA; Benoit
cc w/out encl: John Panerio, Esq., 120 N Hunter St, Stockton, CA 95202

EXHIBIT H



UNITED STATES
POSTAL SERVICE®  |  www.pitney.bowes.com

$3.00
US POSTAGE
06/24/2020
From 95833
0 lbs 11 ozs

Pitney Bowes    026W0004897829

2000078578

## USPS FIRST-CLASS™ MAIL

CENTRAL CALIFORNIA
2150 River Plaza Dr, Ste 300
Sacramento CA 95833-3882

B900

WILLIS DAVIS - K70724
CTF - FACILITY C
PO BOX 689
SOLEDAD CA 93960-0689

Fw-101U

Fw H

EXHIBIT I

INMATE COPY

2. Prisoner's Version:

Since there is not a Probation Officer's report in 'S' C-File to offer a synopsis of the circumstances of the offense, CCI P. SERNA reviewed with Im DAVIS the above "Summary of Crime" which is based upon the report of Stockton Police Dept. I also reviewed with DAVIS his statement to reception center staff contained in his "Instituitional Staff Recommendation Summary", (ISRS), dated 11-9-97 and given upon his reception into CDC; In that statement Davis denied involvement in the I.O., however said he was in the area the time and did hear gunshots and ran. He said he was later arrested because someone had identified him as the shooter. After review DAVIS stated the version contained in the ISRS is correct, in that he was not at the scene of the shooting. He added that the person who did the shooting, (His co-defendant) stayed at his home after the shooting and that is why the weapon was found at his house.

3. Aggravating/Mitigating Circumstances:

a) Aggravating Factors:

There is not a Probation Officers report in the C-file to offer the P.O. or Court opinion regarding aggravating/mitigating circumstances. The following is my view after review of the offense;

- The victim was particularly vulnerable..
- The manner in which the crime was committed created a potential for serious injury to persons other than the victim of the crime.

II. PRECONVICTION FACTORS:

A. JUVENILE RECORD:

| Date | Agency | Charges |
|---|---|---|
| 6-18-93 | CAPD San Bernardino | 211, 245(A) PC Attempt Robbery, ADW Dispo: Juvenile Hall |
| 6-30-95 | CAPD Stockton | 243.4, 653G, 1248.9 PC Battery School Property, Loiter where children are present, false I.D. to P.O. No Dispo |
| 5-7-97 | CASO Stockton | 594, 459, 211, 187, 246 PC Vandalism, Burglary, Robbery, Murder, shoot at Inhabited Dwelling. Dispo; I.O. 15 to life. |

LIFE PRISONER EVALUATION
INITIAL PAROLE CONSIDERATION HEARING
AUGUST 2010 CALENDAR

DAVIS, WILLIS CDC # K70724

## I. COMMITMENT FACTORS:

INMATE COPY

### A. LIFE CRIME:

Inmate DAVIS was received into the California Department of Corrections on 10-10-97, from San Joaquin County (case #SP061873A) subsequent to a conviction for Murder in the 2nd degree. He is serving a sentence of 15 years to life with a minimum eligible parole date (MEPD) of 10-17-2011. A Weapon, (22. Cal. Rifle) was used in the commission of this crime. The Victim was Joslin WILLIAMS, age 20.

### 1. Summary of Crime:

According to Stockton Police report #97-22264 dated 5-4-97, (which is inside the front cover of DAVIS C-File) police were called to 2346 'S' Phelps at about 10:22 P.M. regarding a shooting. Police found the victim, Joslin WILLIAMS, semi-conscious and laying on a couch in the living room. WILLIAMS was taken by ambulance to a hospital where she died shortly after arrival. An autopsy revealed the cause of death to be a gunshot wound to the "trunk". The following is a synopsis of the circumstances of the offense based upon the Police report which indicates the victim was at the location to visit a friend who lived there. DAVIS and a co-defendant, one carrying a rifle, and both with their faces covered to conceal their identity, entered the home through the unlocked front door. The victim was seated with others in the front room. One of the intruders asked something to the effect of "Which one of you mother fuckers is from the east"? The rifle was pointed in the direction of victim WILLIAMS who rose from her seat and struggled with the armed intruder for the weapon. The weapon discharged during the struggle; WILLIAMS moved backwards, the intruder fired several more shots at the victim and into the house. The victim was shot twice, once in the torso and once in her right arm. No one else was hit by the gunfire. Witnesses described the shooter as the shorter intruder. According to physical descriptions contained in the police report, DAVIS is shorter than his co-defendant. A witness later identified DAVIS as the shooter based upon voice recognition after listening to voice recordings of DAVIS and his co-defendant. The murder weapon (a .22 caliber rifle, still loaded with live rounds) was recovered during a subsequent search of DAVIS home. During interviews with the police DAVIS and his co-defendant each claimed the other was the shooter.

1   enhancements will be dismissed.

2        Do you understand that?

3                    DEFENDANT DORSEY:   Yes.

4                    THE COURT:   Now, Mr. Davis, other than what I

5   have just stated to you -- you're going to admit to a single

6   count of murder in the second degree and I'm going to

7   sentence you 15 to life -- have any other -- and the rest of

8   the enhancements which include a special allegation could

9   have possibly have brought you life without the possibility

10  of parole -- all those will be dismissed.  Have any other

11  promises been made to you or any threats to make you enter

12  this plea of guilty to murder of the second degree?

13                   DEFENDANT DAVIS:   No.

14                   THE COURT:   Do you understand after you're

15  sentenced to prison for the 15 to live, you're going to be

16  on a life parole with the Department of Corrections.  If you

17  violated the terms and conditions of parole, you could be

18  returned to custody.

19       Is there a one-year limit on a life sentence?

20                   MR. TESTA:   I don't recall, Your Honor.   One

21  year per violation.

22                   THE COURT:   That's on a non-life sentence.

23                   MR. TESTA:   I just don't get involved in

24  that.  I don't know.

25                   MR. JACOBSEN:   It might be mot, Judge, the

26  way sentencing goes.

27                   THE COURT:   He has a life top but I don't

28  know -- I don't think it's subject to a one-year top on a

EXHIBIT J

OFFICE OF THE CLERK
COURT OF APPEAL
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA  95814-4814
916.654.0209
www.courts.ca.gov

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

COLETTE M. BRUGGMAN
Assistant Clerk/Executive Officer

May 13, 2022

Willis Davis
CDC #: K70724
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960

Re:    Petition for Writ of Habeas Corpus

Dear Mr. Davis:

Enclosed please find the petition for writ of habeas corpus which was submitted to this court for filing.   At the direction of the court, it is being returned unfiled.   It appears you intended to submit the document to the San Joaquin County Superior Court as indicated by the petition's caption.   You may mail the *original* document, *including the originally signed verification*, to that court directly.   The San Joaquin County Superior Court's address is 180E. Weber Avenue, Stockton, CA 95202.

If, however, you intend for the petition to be filed with this court, you may *correct the caption to reflect the* Court of Appeal, Third Appellate District, and return the *original* document, including an *originally signed verification*, to the Clerk of the Court of Appeal, Third Appellate District, 914 Capitol Mall, Sacramento, CA 95814.

Very truly yours,

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

By:   Ben Haskett
Assistant Deputy Clerk III

OFFICE OF THE CLERK
COURT OF APPEAL
**Third Appellate District**
**State of California**

914 Capitol Mall
Sacramento, CA 95814-4814
916.654.0209
www.courts.ca.gov

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

COLETTE M. BRUGGMAN
Assistant Clerk/Executive Officer

May 25, 2022

Willis Davis
CDC #: K70724
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Re: Petition for Writ of Habeas Corpus

Dear Mr. Davis:

Enclosed please find the petition for writ of habeas corpus which was submitted to this office for filing. At the direction of the court, it is being returned unfiled. The petition does not have an originally signed verification. Please return your original document, *including an originally signed verification*, to the Clerk of the Court of Appeal, Third Appellate District, 914 Capitol Mall, Sacramento, California, 95814.

Very truly yours,

ANDREA K. WALLIN-ROHMANN
Clerk/Executive Officer

*David Welton*

By: David Welton
Senior Deputy Clerk

HC-001

Name: Willis Davis

Address: P.O. Box 689 / FW107

Soledad Calif 93960 - 0689

FILED
SUPERIOR COURT-STOCKTON

MAR 2 5 2022

BRANDON E. RILEY, CLERK
BY___ROSEMARY BETH

DEPUTY

CDC or ID Number: K70724

Superior Court - County
of San Joaquin

*(Court)*

| | |
|---|---|
| Willis Davis | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No. STK-CR-PHISC-2022-0003011 |
| | *(To be supplied by the Clerk of the Court)* |
| Respondent San Joaquin - Stockton | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courts.ca.gov

FILED
SUPERIOR COURT STOCKTON

APR 2 6 2022

BRANDON E. RILEY, CLERK
BY_____ROSEMARY BETH
DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| In the Matter of the Petition of | Case No. STK-CR-FMISC-2022-3011 |
|---|---|
| WILLIS DAVIS | CERTIFICATE OF SERVICE BY MAIL |
| For Writ of Habeas Corpus | |

I, the undersigned, declare that I am a deputy of the Clerk of the Superior Court of San Joaquin County, State of California, and not a party to the within action. On 4/26/2022 , I deposited in the United States Post Office at Stockton, California, true correct copies of the Order issued pursuant to the above-entitled petition for writ of habeas corpus, a printed copy of which is hereto attached and made a part hereof, one copy of which is addressed to each of the following named persons at the following named addresses:

Willis Davis, CDCR # K70724  
P.O. Box 689/ FW-107  
Soledad, CA 93960-0689

California Attorney General's Office  
Habeas/Writs Unit  
P.O. Box 944255  
Sacramento, CA 94244-2550

I further declare that each of said copies so mailed and addressed was enclosed in a separate envelope, sealed, with the postage thereon fully prepaid. I declare under penalty of perjury that the foregoing is true and correct. Executed at Stockton, California on the date above specified.

ROSEMARY BETH
_____
Deputy Court Clerk

1

FILED
SUPERIOR COURT-STOCKTON

APR 2 6 2022

BRANDON E. RILEY, CLERK
BY      ROSEMARY BETH
DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

| In the Matter of the Petition of | Case No. STK-CR-FMISC-2022-3011 |
|---|---|
| WILLIS DAVIS | ORDER |
| For Writ of Habeas Corpus | |

TO: WILLIS DAVIS, Petitioner:

It appearing that a petition for Writ of Habeas Corpus has been filed herein with this Court on March 25, 2022, and good cause appearing,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED for the reasons stated herein.

**REASON:** On October 6, 1997, after entering a guilty plea to second degree murder, Petitioner was sentenced to a prison term of 15 years to life. Like his prior petition filed on October 14, 2021, Petitioner again challenges his sentence citing Senate Bill 775. He also references the Juvenile Delinquency Act and Senate Bill 889, the Eighth Amendment to the U.S. Constitution, the Fifth Amendment to the U.S. Constitution, and ineffective assistance of counsel again too.

First, as the main basis for habeas relief, Petitioner requests a reduction of his sentence due to the recent enactment of Senate Bill 775. However, Senate Bill 775 only applies to retroactively to nonfinal cases. "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari [with the United States Supreme Court] have expired." (*People v. Smith* (2015) 234 Cal. App. 4th 1460, 1465.) A defendant typically has 60 days from the date of conviction in which to file a Notice of Appeal. (Rules of Court, rule 8.308(a).) In the instant case, Petitioner's judgment of conviction was signed and filed in 1997. There is no evidence of any proceeding that would otherwise render the judgment in Petitioner's case not final. Therefore, based upon the information presented, Petitioner is not eligible for the requested relief.

Second, the balance of the petition is largely based upon the same grounds set forth in the prior petition, which the court denied. Where a subsequent petition discloses "no change in the facts

1

or the law substantially affecting the rights of the petitioner" the petition may be denied. (*See In re Miller* (1941) 17 Cal. 2d 734, 735.)

Third, as this court previously stated, a petition for writ of habeas corpus "should be filed as promptly as the circumstances allow, and the petitioner must point to particular circumstances sufficient to justify substantial delay." (*In re Clark* (1993) 5 Cal.4th 750, 765, n. 5.) Failure to do so warrants denial. Petitioner entered his guilty plea over twenty years ago, yet provides no explanation for the lengthy delay in raising his claims based upon alleged violations of the Juvenile Delinquency Act, the Eighth Amendment to the U.S. Constitution, the Fifth Amendment to the U.S. Constitution, and ineffective assistance of counsel.

Fourth, Petitioner entered a guilty plea as part of a plea agreement "negotiated between the defendant and the People and approved by the trial court." (*See People v. Superior Court (Sanchez)* (2014) 223 Cal. App. 4th 567, 572.) "Where defendants have pleaded guilty in return for a *specified sentence,* appellate courts are not inclined to find error even though the trial court acts in excess of jurisdiction in reaching that figure, as long as the court does not lack *fundamental jurisdiction.* The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to 'trifle with the courts' by attempting to better the bargain through the appellate process." (*In re Couch* (1996) 48 Cal. App. 4th 1053, 1056 (internal quotation marks omitted, emphasis in original).) Accordingly, Petitioner may not use the habeas process to unilaterally renegotiate his sentence; there is still no evidence that Petitioner failed to enter his plea knowingly, intelligently, and voluntarily.

Finally, to the extent Petitioner is attempting to make a claim of ineffective assistance, there is insufficient evidence to support the claim. A claim of ineffective assistance of counsel has two components: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense," (*Williams v. Taylor* (2000) 529 U.S. 362, 390-391, citing *Strickland v. Washington* (1984) 466 U.S. 668, 694; *In re Jones* (1996) 13 Cal. 4th 552, 561)—here, that there was "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial". (*Hill v. Lockhart* (1985) 474 U.S. 52, 59; *see also In re Resendiz* (2001) 25 Cal. 4th 230, 239, *abrogated on other grounds by Padilla v. Kentucky* (2010) 559 U.S. 356.) Again, there is no evidence that Petitioner failed to knowingly, intelligently, and voluntarily entered his plea; stated otherwise, there is no evidence that Petitioner was otherwise prejudiced by this purported failure.

Accordingly, when, as here, no prima facie claim for relief is stated, the Court may summarily deny the petition. (*People v. Duvall* (1995) 9 Cal. 4th 464, 475.) Therefore, based on the foregoing, the petition is DENIED.

DATED: 4-26-2022

JUDGE OF THE SUPERIOR COURT

2

Willis Davis K70724
P.O. Box 689 / FW-107
Soledad, Calif 93960-0689
Pro Per

| | |
|---|---|
| Willis Davis | Case No. |
| Petitioner | |
| v. | Motion: Rule of Court |
| The People of San Joaquin | 4.551 (b)(2) |
| Respondent | |

## Introduction

I filed two motions to this court.
(1) pertaining to "Restitution, Fines, and Fees, the other is S.B.- 775 motion.
I filed both of these motion at the same time January 2nd of this year, to where I haven't recieved a notice if my 2 motions have been pirocess. I haven't recieved a case number or anything, so I would like to know if I need to Resubmit all available legal work?
If not, can I be inform that the 2 motions that I produce to this court has been filed.

1

2   BECAUSE it has been over the 60 days since

3   I file both motions, that can cause in default

4   Rules of Court; code civil procedure., § 2033,

5   subdivision (a).

6

7

8       Dated: March 13, "2022.'

9

10                                  Willis Davis

11                                  Willis Davis Jr

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____Willis Davis_____, declare:

I am over 18 years of age and a party to this action. I am a resident of _Soledad_

_California_____ _Correctional Training Facility_Prison,

in the county of _Monterey_____,

State of California. My prison address is: _P.O. Box 689/FW107; Soledad,_

_California 93960 - 0689_____

On _March 13, "2022."_____,
  (DATE)

I served the attached: _Motion._____

_____
    (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Superior Court of California County of San Joaquin
180 E. Weber Ave., STE 202
Stockton Calif 95202

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _3.13.22_____     _Willis Davis h /Willis Davis_
         (DATE)                (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9.97)                    ::ODMA\PCDOCS\WORDPERFECT\31932\1

-9-



**Superior Court of California**
**County of San Joaquin**
**180 E. Weber Ave.**
**Criminal Division, Suite 202 Telephone (209) 992-5691**

Date: 03/25/2022

RE CASE # SP061873A (CR-1997-17439)

Your documents are being returned for the following reason(s):

☐ Failure to complete form(s) where indicated by highlighter.

☐ Case number or name that was provided on the documents does not match court record. Therefore, we are unable to locate your criminal file.

☐ If your case was prior to 1990 you MUST provide your arrest date, charges, plea, conviction date & CII number. You may contact the Department of Justice at (916) 227-3832 to request a copy of your criminal background in order to obtain this information if you do not already have it.

☐ Original signature needed.

☐ Lack of proper service on required parties and proof of service must be attached.   The address for the Office of the District Attorney is 222 E Weber Ave, Stockton CA 95202 for your reference.

☐ Requests to modify judgment must be by a noticed motion, specifying the order sought and the support for it, filed with the clerk of the court not less than five (5) days in advance of the hearing date. Local rule 2-111

☐ The Court is returning the unread Ex parte correspondence received on 3/25/2022.   It is inappropriate for a judge to read and consider informal letters, or communications, from either party or legal counsel concerning any matter which has been, or may in the future be, before the Court. For that reason, the Court has directed the Clerk of the Court to return to you the enclosed correspondence. If it is your opinion that your case is in need of some judicial action, you may file a proper motion, affording all parties notice and the opportunity to be heard. If you are representing yourself, the Court cannot provide legal advice.

☒ OTHER: Your documents are with the judicial officer.  We are waiting from paper work from the district attorney's office. Once we receive this paper work we can send you a copy.

(Please return this form with your documents.)

R. Beth, Legal Process Clerk III

| Attorney or Party without Attorney (Name, State Bar number, Address): | (COURT USE ONLY) |
|---|---|
| Willis Davis #K-70724<br>Correctnal Training Facility CTF<br>P.O box L689<br>Soledad, CA 93960 | |
| | **FILED**<br>SUPERIOR COURT-STOCKTON<br>APR 1 1 2022<br>BRANDON E. RILEY, CLERK<br>BY _____<br>DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN<br>Street Address:    180 E. Weber Ave., Suite 202, Stockton, CA 95202<br>Mailing Address:  180 E. Weber Ave., Suite 202, Stockton, CA 95202 | |
| PLAINTIFF<br>PEOPLE OF THE STATE OF CALIFORNIA | |
| Defendant: Willis Davis<br>Date of Birth: 06/27/1979 | |
| **EX PARTE ORDER**<br>**ON PETITION FOR RESENTENCING**<br>(Penal Code §1170.95) | CASE NUMBER<br>STK-CR-CNV-1997-0017439<br>PREV. CASE # SP061873A |

The Petitioner (i.e., the defendant in the above-entitled criminal action) filed a Petition for Resentencing pursuant to PC §1170.95 on 01/31/2022 _____

## EX PARTE ORDER ON PETITION FOR RESENTENCING

☐ The Petition is DENIED:
    ☒  The Court does not have jurisdiction:
        ☐  The Petition was not filed in the court where the conviction occurred (PC 1170.95(b)(1)),
        ☐  The matter is on Appeal
    ☐  The Court does not have a record of this case due to its age. The Petitioner may submit a new Petition with a RAP sheet that shows the conviction.
    ☐  The Petitioner has not made a *prima facie* showing: _____

    ☐  See Decision attached.
    ☐  Other: _____

☒ Interim Order:                                John Panei
    ☒  The Court appoints:  ☐ Public Defender  ☒ Court Assigned Counsel
    ☒  The Court finds good cause to extend time for the  ☒ Prosecutor  ☐ Petitioner
        to respond:
        ☒  within 60 days from the date of this order    ☐  within 30 days from the date of this order

☐ The Petitioner has made a *prima facie* showing:
    In accordance with Penal Code Section 1170.95, the Prosecution is hereby Ordered to Show Cause why the Petitioner is not entitled to resentencing.  An Order to Show Cause Hearing Setting shall be set on
    on _____ at _____
    ☒  Clerk's Office to schedule hearing for ____7/18/22____ or 46 at 1:30
    ☐  Other: _____

Date: 4/11/22                                _____
                                               Judge of the Superior Court

EX PARTE ORDER ON PETITION FOR RESENTENCING
(PC §1170.95)
Pen. Code § 1170.95

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN<br>STREET ADDRESS: 180 E Weber Avenue<br>MAILING ADDRESS: 180 E Weber Avenue<br>CITY AND ZIP CODE: Stockton, CA 95202<br>BRANCH NAME:  Superior Court San Joaquin | *FOR COURT USE ONLY* |
|---|---|
| People of the State of California vs. Willis Davis | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>STK-CR-CNV-1997-0017439<br>SP061873A |

I certify that I am not a party to this cause. I certify that a true copy of Ex Parte Order On Petition For Resentencing was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Stockton, California, on 04/12/2022.

By: <u>Rosemary Beth</u>, Deputy Clerk

Willis Davis
P.O. Box 689 #K-70724
Soledad , CA 93960

John George Panerio
120 N. Hunter
Stockton, CA 95202

District Attorney Office of San Joaquin County
222 E Weber Ave
Stockton, CA 95202

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

SUPREME COURT
FILED

OCT 1 9 2022

Jorge Navarrete Clerk

_____
Deputy

S275405

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re WILLIS DAVIS on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.   (See *In re Robbins* (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; *In re Clark* (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].)

Corrigan, J., was absent and did not participate.

CANTIL-SAKAUYE
_____
*Chief Justice*

SUPREME COURT
FILED

OCT 1 9 2022

Jorge Navarrete Clerk

_____
Deputy

S275792

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re WILLIS DAVIS on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

Corrigan, J., was absent and did not participate.

CANTIL-SAKAUYE
_____
*Chief Justice*

# PROOF OF SERVICE
## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Willis Davis_, declare:

I am over 18 years of age and a party to this action. I am domiciled in Central Training Facility,

a California State Prison, in the county of _Monterey_. The address at this facility

is P.O. Box 689, Soledad, California [93960].

On _Feb. 14, 2023_, I served the attached:

_Habeas Corpus_

_____

On the parties herein by placing true and correct copies thereof, enclosed in an unsealed

envelope, with the postage thereon fully paid, in the United States Postal Mail Box so provided

at the above-named correctional institution in which I am presently domiciled. The envelope

was addressed as follows:

_U.S. Dist. Court Eastern Dist._
_501 I Street, Suite 4-200_
_Sacramento, Calif 95814-2322_

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on this _14_ day of _Feb._, _2023_.     Signature: _Willis Davis_

### Prison Mailbox Rule

Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing [Houston v. Lack (1998) 487 U.S. 266, 274; Huizar v. Carey(9th Cir. 2001) 273 F.3d 1220, 1222.] The mailbox rule applies to prisoners filing in both federal and state courts. [Huizar, 273 F.3d at p. 1223.]