IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE DAVIS,<br><br>        Petitioner,<br><br>   v.<br><br>L. MARTINEZ,<br><br>        Respondent. | No. 2:22-CV-2011-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss this petition as untimely, ECF No. 18. Respondent has lodged portions of the state court record in support of the motion to dismiss, ECF No. 17.

        Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

1

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

state court applications, however, there is no tolling for that period of time. See <u>Carey v. Saffold,</u> 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See <u>id.</u> at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See <u>Nino</u>, 183 F.3d at 1006-07; <u>see also</u> <u>Dils v. Small,</u> 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See <u>Biggs v. Duncan</u>, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See <u>Nino,</u> 1983 F.3d at 1006-07.

In this case, Petitioner was convicted of second-degree murder and sentenced to an indeterminate state prison term of fifteen years to life on October 6, 1997. See ECF No. 17 (lodged state court record). Petitioner did not file a direct appeal in state court challenging the conviction and sentence. And while Petitioner filed fifty post-conviction actions in state court, none was filed within one year of Petitioner's conviction and sentencing on October 6, 1997. See <u>id.</u> The instant federal petition was filed on November 3, 2022. See ECF No. 1.

Because Petitioner did not file any direct appeal, Petitioner's conviction became final 60 days after October 6, 1997, and the one-year limitations period began to run the following day – December 6, 1997. The limitations period ended on December 5, 1998. The earliest of Petitioner's various post-conviction actions filed in state court was filed in August 2016. See ECF No. 17 (lodged state court record). Because the limitations period had already ended, Petitioner is not entitled to statutory tolling for any off the time his various post-conviction actions were pending in state court. Because the limitations period ended on December 5, 1998, and the instant petition was not filed until 2022, the Court agrees with Respondent that it is untimely and must be dismissed.

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 18, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE