UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS DAVIS,<br><br>            Petitioner,<br><br>     v.<br><br>L. MARTINEZ,<br><br>            Respondent. | No. 2:22-cv-02011-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING UNOPPOSED MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 18, 21) |

Petitioner Willis Davis proceeds *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 7, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's unopposed motion to dismiss petitioner's second amended petition (Doc. No. 18) be granted and this action be dismissed as untimely "[b]ecause the limitations period ended on December 5, 1998, and the instant petition was not filed until 2022." (Doc. No. 21 at 3.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 3.) On January 4, 2024, petitioner filed objections to the pending findings and recommendations. (Doc. No. 27.) Respondent did not file a response thereto or objections of his own.

1

In his objections, petitioner merely repeats arguments and cites to case law that he had presented in his second amended petition and that the assigned magistrate judge already considered and rejected. Petitioner does not squarely address the magistrate judge's conclusion that his petition for federal habeas relief is untimely. Rather, petitioner vaguely refers to a purportedly new California Senate Bill No. 775 and asserts that he should be "rewarded the benefits" of this law.[1] (*Id.* at 1–4.) However, petitioner does not assert that he has sought such relief from the state courts, nor that he was denied resentencing pursuant to application of the purported new law. Even if he had, petitioner would still have failed to state a cognizable claim for federal habeas relief. *See Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) ("To the extent petitioner may be challenging the state courts' denial of his petition for resentencing under California Penal Code § 1170.95, his claims pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable") (citing 28 U.S.C. § 2254(a) (providing that federal habeas relief lies only where a person is "in custody in violation of the Constitution or laws or treaties of the United States")); *see also Townsend v. Smith*, No. 23-cv-06102-JST, 2024 WL 714670, at *2 (N.D. Cal. Feb. 21, 2024) (dismissing a habeas petition for lack of federal habeas jurisdiction because "[p]etitioner has not disputed that his claims only challenge state laws [California Penal Code § 1170.95]"). For these reasons, petitioner's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may

---

[1] The court notes that California Senate Bill No. 775, which was approved by the Governor in October 2021, amended California Penal Code § 1170.95.

only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on November 7, 2023 (Doc. No. 21) are adopted in full;

2. Respondent's motion to dismiss the second amended petition for writ of habeas corpus (Doc. No. 18) is granted;

3. This action is dismissed;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 11, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE